MARY A. ALEXANDER, BY CHARLES E. ALEXANDER, NEXT FRIEND, *v.* ROYAL T. BLODGETT.

*Trespass. Assault, with Intent to Ravish. Evidence. Charge to Jury.*

In an action of trespass for an assault with an intent to ravish, the court instructed the jury that if the defendant merely exposed his person, and went towards her, (the plaintiff), supposing it was in accordance with her wishes, and laid hands on her, supposing it was not against her wishes and desire, that would not amount to an assault. *Held* that this was error.

The court afterwards instructed the jury that if the defendant did take hold of the plaintiff against her will, it would amount to an assault and battery. *Held* that if the latter instruction was correct, (which was not, as it did not go so far as the plaintiff was entitled to have the court go,) yet, it did not cure the error, as the jury could not tell which direction to heed, and might be governed by the wrong one.

If the defendant approached the plaintiff in her sight in the manner above described, it was an unlawful act, and if he did so, when near enough to indicate a purpose to violate her person, and to justly put her in fear that he would do so, he would be guilty of an assault.

What the defendant supposed about the plaintiff's wishes would make it none the less an assault, unless she directly gave him the right to suppose that it was in accordance with her wishes.

The court gave to the jury the idea that if the defendant exposed his person, and went towards the plaintiff, and she did not flee, it might be taken that she consented to his approaches. *Held* that this was error. The plaintiff would not be bound to flee. She might stay without consenting, and if she did so, it should not be taken against her.

THIS, was an action of trespass, for an assault with an attempt to ravish. Trial by jury, September term, 1871, Ross, J., presiding, upon the general issue.

The plaintiff testified, in substance, that she was fifteen years old, and in February or March, 1869, she went to the barn, and the defendant was there, ( he was living at her father's house), and exposed his person, and took hold of her, and tried to pull up her clothes, and held her so she could not get away ; that she resisted, and threatened to tell her father.

Not long after, on Sunday, in the absence of her father and mother, he told her he wanted to do the same he did at the barn, and chased her round the table and stove into the corner of the room, and took hold of her and exposed his person ; that he held her fast and tried to pull up her clothes ; that she resisted and threatened to tell her father, and he let her go. The plaintiff told her mother, and the latter told the father.

As to the transaction in the barn, the plaintiff, on her cross-examination testified, " He first exposed his person ; he was two or three feet from me ; had not had hold of me up to this time ; took hold of my shoulders and arms with his hands ; don't remember what I said. I told him to desist ; he did not let go ; I told him I should scream, or tell father ; I told him it was wrong ; he put his hands under my clothes and raised them ; he did not let me go till I promised not to tell."

The defendant's testimony was a denial of the whole testimony of the plaintiff.

There was no other evidence than that of the parties as to the transactions above related. No claim was made by counsel in their arguments to the jury, or in suggestions to the court, that what plaintiff claimed was done in the premises was in any manner consented to by her.

There was further evidence on the part of both parties as to circumstances attending the transaction. The plaintiff testified as to when and the circumstances under which she told her mother. The defendant's testimony tended to show he worked at the plaintiff's father's for a year or more after the latter had been told of the alleged assault, and then left against his will, and went to

work for a rival in business in the same town, — Guilford, — and no claim was made against defendant until after he left as aforesaid.

There was also evidence tending to show the defendant made some admissions. No special requests were made by counsel as to the charge.

After illustrating to the jury what constitutes an assault, and an assault, and battery, the court said :

" You will say, with these illustrations, whether, on this first occasion that the plaintiff has testified to, you find from the testimony in the case that she has established, by a fair balance of testimony, that the defendant did make any attempt upon her and use any force upon her that was clearly against her will. You have a right to consider all the circumstances if you find that is established, whether that is so or not. If he merely exposed his person and went towards her, supposing it was in accordance with her wishes, and laid hands on her supposing it was not against her wishes and desire, that would not amount to any assault there. If he did take hold of her against her wishes, it does amount to an assault and battery, and if he detained her the case is clearly made out. In regard to the second occasion, when he pursued her, ( which would evidently indicate that she didn't desire him to come near her and take hold of her,) if he did take hold of her, it would amount evidently to an assault and battery. On the second occasion, if he exposed himself, and she knew what his desire was, and he went towards her, and she did *not* flee from him, and evidently gave him license, perhaps it would be virtual consent. So you will take the testimony and determine whether you are satisfied, by a fair balance of testimony, that the plaintiff has made out an assault on either of these occasions."

Upon the question of damages the court said in substance, if there was any improper laying of hands upon this plaintiff, the law would imply some damages, at least nominal damages, and the plaintiff would be entitled to recover some damages. In addition to that, you are to add all the damages that would naturally flow from it, in injury to her person, or prospective. And if you find that he did so wilfully, you have a right to give damages for the indignity and the hurt that is occasioned to her feelings as well as to her person. If you find that this defendant did these acts wilfully, purposely, then you add that as a matter of damages.

And this matter is left in your discretion to say what the damage is.

After explaining fully the rules according as the intention of the defendant might have been, the court charged that the jury might allow exemplary damages, and explained under what circumstances exemplary damages were allowable. The court also explained that the damages recoverable in this case were for the plaintiff, not her parents. The whole charge was made a part of the bill of exceptions. The plaintiff excepted to the charge of the court, except a portion of the charge upon the question of damages. The jury returned a verdict for the defendant.

*Charles N. Davenport* and *C. B. Eddy*, for the plaintiff.

*A. Stoddard* and *Field & Stoddard*, for the defendant.

The opinion of the court was delivered by

WHEELER, J. The plaintiff had a right to absolute security against any attempt to violate her person. Any invasion of that right was unlawful, and if proceeded with so far as to interfere with her person was actionable. The county court seems to have stated the law applicable to assaults generally, and to the cases used for illustrations, correctly. If the rule stated had been properly applied to the evidence in this case there would have been no error. The rule laid down would make any attempt to do grievous bodily harm, so as to put the person justly in fear of it, an assault. There cannot well be a more grievous personal injury to a virtuous woman or girl than that which the testimony of the plaintiff tended to show that the defendant attempted to her. No attack upon such a woman or girl could well be made that would put her more in fear. In one part of the charge the court appears to have said that if the defendant merely exposed his person and went towards the plaintiff, supposing it was in accordance with her wishes, and laid hands on her, supposing it was not against her wishes and desire, that would not amount to any assault there. If the defendant exposed his person and went toward the plaintiff in her sight at all, it was unlawful. If he did so when he was near enough,

or proceeded in that manner till he got near enough, to her to indicate a purpose to violate her person, and to justly put her in fear that he would do so, he was guilty of an assault upon her. What he supposed about her wishes or desire would make it none the less an assault unless she directly gave him the right to suppose so. He had no right to make any attempt in that direction without her express and direct consent, and that, too, first had and obtained. If he proceeded at all without such free and full consent, it was at his own risk. Counsel for defendant claim that the next clause to the one which has been stated qualifies that one, and makes it unobjectionable. In this next clause the court appears to have said that if he did take hold of her against her wishes, it did amount to an assault and battery, and if he detained her the case is clearly made out. The first part of this clause is strictly correct as far as it went, but it did not go so far as the plaintiff was entitled to have the court go. It would require an actual touching of her person, and there might be an assault by an exposure of person, and such movements as to show an intention to have intercourse with her, and to make her fear that he would, without any actual contact with her person. The imposition of the fear and the influence it would have upon her movements and feelings would constitute an actionable injury to her. But if this part of that clause had been sound and correct by itself, it was contrary to the other clause stated, and the two clauses would be different statements of the same proposition of law, one wrong and the other right. In such a case the jury would be left to take which statement they chose, and might take the wrong one, and be led into error. The correct statement would not cure the error in the incorrect one.

In the charge as to what occurred on the second occasion, the court seems to have carried to the jury the idea that if he exposed his person, and went towards her, and she did not flee from him, it would or might be taken that she consented. She would not be bound to flee. It might not be, or she might consider it not to be most prudent to do so. She might stay without consenting, and if she did so it should not be taken against her. The circumstances, and among others, those of flight or failure to flee

with the others, would only be evidence to be considered upon such proper questions that would affect the rights of the parties as these circumstances would bear upon. That the court submitted the cause to the jury upon grounds intermediate between the statements of either of the witnesses to the transactions taken alone, is not considered erroneous. The jury might credit some of the statements of either and not the whole. The facts might be found to be between the statements of them, and it was proper to state the law to the jury upon such facts. The error was in not stating the law correctly.

No error in law in the charge upon the subject of damages that requires comment is seen.

Judgment reversed and cause remanded.