## STATE EX REL. DALE E. RADKE v. RALPH H. TAHASH.

166 N. W. (2d) 710.

March 28, 1969—No. 41099.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *David J. Byron* and *J. Dennis O'Brien,* Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

PETERSON, JUSTICE.

The critical question to be answered in this case is whether the crime of indecent assault upon a child is a lesser and included offense of the crime of sodomy; that is, whether the crime of indecent assault is necessarily proved in proving the crime of sodomy. The answer depends upon whether the crime of indecent assault has within it an essential element of forceful assault.

The issue is presented in this simple situation: Appellant was charged by information with the crime of sodomy in that, without forceful assault, he induced a child 7 1/2 years of age to perform an act of fellatio upon his body. He pleaded guilty to the crime of indecent assault and was convicted of that crime. However, no new information had been filed charging him with indecent assault.[1]

The answer must be found in the applicable statutory definitions of these crimes. Minn. St. 1965, § 617.14, "Sodomy," provided in relevant part:

"A person who * * * carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge * * * is guilty of sodomy; * * *."

Minn. St. 1965, § 617.08, "Indecent Assault," provided:

---

[1] If indecent assault is not a lesser and included offense of sodomy, we must reverse because the court would have been without jurisdiction to accept his plea of guilty and to convict him of indecent assault without the filing of a new information charging that crime. State v. Minton, 276 Minn. 213, 149 N. W. (2d) 384. If it is a lesser and included offense, we must affirm. Other grounds asserted for reversal have been considered and are rejected.

*"Every person* who shall take any indecent liberties with or on the person of any female, not a public prostitute, without her consent expressly given, and which acts do not in law amount to rape, an attempt to commit a rape, or an assault with intent to commit a rape, and every person who shall take such indecent liberties with or on the person of any female under the age of 16 years, and every person who shall take any indecent liberties with or on the person of any male under the age of 16 years, without regard to whether he or she shall consent to the same or not, or *who shall persuade or induce any male or female under the age of 16 years to perform any indecent act upon his or her own body or the body of another, shall be guilty of a felony."* (Italics supplied.)

The last clause of the so-called indecent assault statute precisely defines the crime of which appellant was convicted. The language of that clause, like the language of the sodomy statute, suggests no element of forceful or violent assault.[2]

We are confronted, nevertheless, with the decisions of this court in State v. Nelson, 199 Minn. 86, 271 N. W. 114, and State v. Schmit, 273 Minn. 78, 139 N. W. (2d) 800, which do give substantial support to appellant's position. In Nelson, the defendant was convicted of sodomy for a sodomous act with a 15-year-old boy. Converse to the situation in the instant case, defendant there contended that the jury should have been instructed upon indecent assault as a lesser and included offense. This court rejected that contention on the ground that "[e]very assault must have as one of its essential elements *violence*."[3] As an independ-

---

[2] That the title of the statute is a misnomer of the language in the body is rather apparent. The title of L. 1967, c. 507, § 7, coded as Minn. St. 609.296, which replaced Minn. St. 1965, § 617.08, but is not applicable since this case occurred in 1966, is "Indecent Liberties."

[3] The court said (199 Minn. 93, 271 N. W. 117): "The sodomy statute is obviously limited in its scope and purpose. There are no degrees as to this offense. In the books it is usually referred to as the 'infamous crime against nature.'

"An assault to carnally know or to take indecent liberties does not appear to be within its purview. *Every assault must have as one of its essential elements violence.* This court in Johnson v. Sampson, 167 Minn. 203, 205, 208 N. W. 814, 815, 46 A. L. R. 772, said:

ent ground for denying an instruction upon indecent assault as a lesser and included offense, however, the court was of the opinion that the defendant, if guilty of any offense at all, was under the facts clearly guilty of the more serious offense of sodomy.

State v. Schmit, *supra*, although reiterating the Nelson holding,[4] is significantly distinguishable in fact. There the victim was over 16 years of age and testified at trial that she had been attacked in the women's restroom of a St. Paul bar where she had been drinking. The first, not the last, clause of the indecent assault statute was applicable to the conduct and for that reason necessarily required proof of facts not necessarily to be proved in a prosecution of sodomy. Schmit is accordingly limited to its own facts and does not itself control decision under the different facts in the instant case. It is a sound statement of law under the facts of that case, but it does not govern in a case of a child under the age of 16.

State v. Nelson, *supra*, is not so readily distinguishable, except to note that the capacity of a child to consent to an indecent act was not squarely considered. Nelson, in any event, is apparently alone among the cases in this or other jurisdictions in regarding a "hostile" act as an essential element of an indecent assault upon children under the age of consent under the statute.[5] This court had, as in State v. West, 39 Minn.

---

" 'Actual physical contact is not, but violence, threatened or offered, is an essential element.' (Citing many cases.)

\* \* \* \* \*

"*Here there was no proof of any assault, actual or potential. If counsel thought any assault was involved, he undoubtedly would have been compelled to surrender his claim that the boy was an accomplice.* In that event the state's case on such phase would have been much easier to maintain." (Italics supplied in part.)

[4] The court said in Schmit (273 Minn. 89, 139 N. W. [2d] 808): "The essential elements of the crime of indecent assault or the taking of indecent liberties are: (1) *An assault, which must have as one of its essentials force or violence*; (2) against one 'not a public prostitute'; (3) 'without her consent expressly given.' " (Italics supplied.)

[5] Nelson did have its counterpart in the later English case of Fairclough v. Whipp, 35 Cr. App. R. 138, 140, [1951] 2 All E. R. 834, where the court of criminal appeal, sitting as a divisional court, upheld the dismissal of an

321, 40 N. W. 249, held that indecent assault was a lesser and included offense of an assault with intent to carnally know and abuse a child, but even in such case there was no indication that the assault consisted of anything more violent than an indecent contact without the victim's consent.[6] This court held in State v. Mlynczak, 266 Minn. 230, 243, 123 N. W. (2d) 358, 366, where the information charged the defendant did "wilfully, unlawfully, knowingly, and feloniously attempt to persuade and induce a male under the age of sixteen years * * * to perform an indecent act upon the body of [defendant]," that a reference to the statutes themselves "clearly manifests" the sufficiency of the information as

information charging indecent assault by the defendant, who had exposed himself in the presence of a 9-year-old girl and had invited her to touch his exposed person, because, as Lord Chief Justice Goddard said, "* * * I cannot hold that an invitation to somebody to touch the invitor can amount to an assault on the invitee." The Lord Chief Justice added, however, that "[i]t might be a very good thing if Parliament passed an Act providing that any indecent conduct in the presence of a child or in relation to a child * * * should be punishable * * *." Parliament thereafter passed the Indecency with Children Act, 1960 (8 & 9 Eliz. 2, c. 33), § 1 of which makes liable to imprisonment "[a]ny person who commits an act of gross indecency with or towards a child under the age of fourteen, or who incites a child under that age to such an act with him or another * * *." That statutory language is virtually the equivalent of the statutory language present in our own statute.

[6] Mr. Justice Mitchell said (39 Minn. 322, 40 N. W. 249): *"The taking of indecent liberties with the person of a female without her consent would at common law amount to an assault.* In view of the aggravated nature of such an assault, the evident intention of the legislature [in enacting the Penal Code, § 245, three years earlier] was to raise it from the rank of misdemeanor to that of felony, so that it might be more severely punished. And, as by another statute a female under the age of 10 years was incapable of consenting to carnal intercourse, or at least her consent void, so by this section the incipient advances, in the way of indecent liberties with her person, are placed on the same footing as the principal crime. *What in the case of a female over the age of 10 would amount to an assault because done without her consent, would, in the case of a child under that age, in any case be an assault, because she is deemed incapable of consent, and therefore the act must, in contemplation of law, be deemed as done without her consent."* (Italics supplied.)

charging an attempt to commit indecent assault under § 617.08 and Minn. St. 1961, § 610.27. Just as we held in State v. Schwartz, 215 Minn. 476, 10 N. W. (2d) 370, that a child is legally incapable of consenting to carnal knowledge of her person by acts constituting the crime of sodomy, so also a child cannot consent to acts constituting either sodomy or indecent liberties. It is a common-law assault in either case, wholly without regard to the threat or use of force.[7]

We conclude, therefore, that an assault with force or violence is not an essential element of a sex crime against a child; that one who persuades or induces any male or female under the age of 16 years to perform any indecent act upon his body is guilty of indecent assault; and that where such indecent act is fellatio he is guilty of sodomy. We hold that the crime of indecent assault is in such situation a lesser and included offense of the crime of sodomy. State v. Nelson, 199 Minn. 86, 271 N. W. 114, to the extent that it is inconsistent with this opinion, is overruled.

Affirmed.

---

[7] As stated in Beausoliel v. United States, 71 App. D.C. 111, 115, 107 F. (2d) 292, 296: "At common law, it was generally held that a man who took improper liberties with the person of a female, without her consent, was guilty of assault. Every female has a 'right to absolute security against any attempt to violate her person.' Alexander v. Blodgett, 44 Vt. 476, 479. The attempt need not be made violently, insolently, or in anger. Such assaults are not made in that way. * * * When an assault is committed upon a child, it is immaterial whether there is submission or resistance thereto."