## STATE EX REL. JACK WILLIS FORD v. RALPH H. TAHASH.

154 N. W. (2d) 689.

November 24, 1967—No. 40,567.

C. Paul Jones, State Public Defender, Ronald L. Haskvitz, Assistant State Public Defender, and Robert E. Oliphant, for appellant.

Douglas M. Head, Attorney General, Gerard W. Snell, Acting Solicitor General, and David J. Byron, Special Assistant Attorney General, for respondent, warden of State Prison.

PER CURIAM.

This is an appeal from an order of the district court discharging a writ of habeas corpus. Defendant was sentenced to a term of 5 years on a plea of guilty to an information charging him with theft by false representation in passing worthless checks under Minn. St. 609.52, subd. 2(3)(a) and (4).

Defendant contends (1) that he was misled into a plea of guilty by

the false assurances of his court-appointed counsel as a result of which his plea was not freely and voluntarily entered, and (2) that defendant was denied his rights under the Sixth and Fourteenth Amendments of the United States Constitution when he was subjected to an identification process without being informed of that fact.

■ At the evidentiary hearing it was defendant's contention that his court-appointed counsel assured him that he would be sentenced for a period of not longer than 1 year and that, contrary to this assurance, the court sentenced him to a term of not to exeed 5 years. After considering the evidence on this issue, the habeas court determined that the claim was without merit. The following excerpts from the transcript of the proceedings indicate that at the time the guilty plea was entered, defendant was aware of the fact that he was not obligated to plead guilty and that the plea was not induced by promises of counsel:

"Q. [By the court] Is it true, Mr. Ford, that Mr. Poole has advised you that you are not obligated in any way to plead guilty to this information?

"A. Yes, sir.

"Q. You know that if you plead not guilty you are entitled to a jury trial in Winona County, of a petit jury selected from this county; do you know that?

"A. Yes, sir.

\* \* \* \* \*

"Q. Do you know that before you could be found guilty the state would have to prove your guilt and all the elements of the crime beyond a reasonable doubt and the jury would be so instructed?

"A. Yes, Your Honor.

\* \* \* \* \*

"Q. Has any person of authority, such as a sheriff or deputy sheriff, or an agent of the State Crime Bureau, or of the F.B.I., or any police officer of any kind, or a county attorney, assistant county attorney, a justice of the peace, judge of municipal court, or judge of any court of record, or any person of authority, made any promises to you of leniency if you would enter a plea of guilty to this information?

"A. No, Your Honor.

"Q. Has any such person threatened you with bodily harm or duress if you did not plead guilty?

"A. No, sir.

"Q. Would it be true to say that any plea that you make at this time is entirely voluntary?

"A. Yes, Your Honor.

\* \* \* \* \*

"Q. To this information then what is your plea, guilty or not guilty?

"A. Guilty, sir."

The asserted error is much the same as that considered by this court in State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847. We conclude that the evidence amply supports the trial court's conclusion that the claim of asserted error is without merit.

■ With reference to defendant's further claim that he was required to submit to identification in violation of his rights under the Sixth and Fourteenth Amendments to the Constitution, the record indicates that while defendant was in custody prior to trial he was called from his cell to the sheriff's office. While being escorted to the sheriff's office, he passed through a room in which were seated three witnesses, some of whom had accepted bad checks written by him. These three were apparently able to identify defendant and testified against him in the preliminary hearing.

Prior to entering the plea of guilty, defendant testified as to the adequacy of his conferences with counsel and as to his knowledge of his constitutional rights. He testified that he had been given sufficient opportunity to prepare the case, and, subsequent to the entry of the plea of guilty, he testified in detail as to the offense and as to his prior conviction for forgery.

We cannot agree that the circumstances of the identification warrant the application of those authorities which hold that "lineup" identifications, under some circumstances, may constitute a denial of due process or the right to counsel. United States ex rel. Stovall v. Denno (2 Cir.) 355 F. (2d) 731; Palmer v. Peyton (4 Cir.) 359 F. (2d) 199; Wade v. United States (5 Cir.) 358 F. (2d) 557, judgment vacated and case remanded sub nom. United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. ed. (2d) 1149, to determine whether in-court identifications had

basis other than lineup identifications; Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. (2d) 977. The facts here do not warrant the conclusion that defendant was denied his privilege against testimonial compulsion discussed in the foregoing authorities. This point is controlled by State v. Garrity, 277 Minn. 111, 115, 151 N. W. (2d) 773, 776, which points out that there is a distinction between bodily view and requiring the accused to testify against himself. We there pointed out that "[t]he Constitution confers no right on an accused to be immune from the eyes of his accusers." Nor is there anything in the record to warrant our assuming that the fact that defendant's attorney was not present at the time he was exposed to view of the witnesses in the sheriff's office was so prejudicial as to require further review within the purview of Wade v. United States, *supra*.

Affirmed.