STATE EX REL. JOHN GRAY v. RALPH H. TAHASH.

156 N. W. (2d) 228.

February 9, 1968—No. 40,810.

*C. Paul Jones*, State Public Defender, and *Murray L. Galinson* and *Robert Oliphant*, Assistant State Public Defenders, for appellant.

*Douglas M. Head*, Attorney General, and *David J. Byron*, Special Assistant Attorney General, for respondent, warden of State Prison.

ROGOSHESKE, JUSTICE.

Appeal from an order discharging a writ of habeas corpus.

On March 27, 1941, petitioner was sentenced to life imprisonment following his conviction after a plea of guilty to an indictment charging him with the crime of murder in the second degree.

On December 30, 1966, represented by the public defender, he filed a petition for a writ of habeas corpus, claiming a denial of constitutional rights. He alleged in substance that his plea of guilty was induced by an inadmissible confession obtained by threats and coercion after prolonged questioning during his confinement in jail and before he was brought before a magistrate or represented by counsel.

In keeping with our policy of making habeas corpus available as a postconviction remedy prior to the enactment of our Postconviction Remedy Act (State ex rel. Holm v. Tahash, 272 Minn. 466, 139 N. W. [2d] 161), the trial court afforded petitioner a plenary evidentiary hearing to establish his claims. At the hearing held on January 30, 1967, petitioner alone offered oral testimony as none of the persons involved in the prosecution could be produced by the state. Upon a finding that the petitioner's allegations were "false and untrue," the court denied the petition, explaining:

"The burden of proving wrongful and unlawful commitment and detention rests upon petitioner. The principals involved in this case, Judge Haycraft, County Attorney Lindgren, defendant's attorneys, Chris Carlson and David Morse, all reputable men of unquestioned ability and integrity, are all long deceased. Sheriff Matthies and complainant Vernon Neuhalfen, are also deceased. Lacking any evidence to the contrary at this time, 26 years later, this Court must assume that all these principals did their respective duties fairly, legally and adequately, especially where

the sole testimony of petitioner himself is entirely unsatisfactory and inadequate to a finding at this time of any violation of any basic constitutional right warranting a granting of a new trial."

A review of all of the available files and records compels this disposition. Despite significant changes in this developing and sensitive area of claimed denials of constitutional rights, it must be borne in mind that this postconviction proceeding is a collateral attack on a judgment which carries a presumption of regularity and which, therefore, cannot be lightly set aside.[1] While a petitioner is entitled to an evidentiary hearing where his petition alleges facts which, if true, entitle him to relief,[2] at the hearing the petitioner must at least support such allegations with evidence sufficient to establish a prima facie case. Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. ed. 1461.[3]

Petitioner most certainly has not done so here. He does not deny that, while he was living with and working for Julius Quaday during the winter of 1941 on the latter's farm near Blue Earth, he shot and killed his friend and employer and took $20 from his person. At the hearing before the habeas court he merely reasserted his allegations and was unable to recall any factual details tending to establish them as true. On the other hand, the record, and indeed his testimony, shows that the court appointed not one but two experienced attorneys to represent him and that they consulted with him at the jail the day he was taken into custody and counseled and advised him. On this record, one would be hard pressed to believe the claim that petitioner was not afforded adequate protection of his fundamental rights.

Affirmed.

---

[1] State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657; Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535.

[2] State ex rel. Roy v. Tahash, 277 Minn. 238, 152 N. W. (2d) 301.

[3] See, also, A. B. A. Committee on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies (tentative draft) § 4.6. Also, our Postconviction Remedy Act, L. 1967, c. 336, § 4, subd. 3 (Minn. St. 590.04, subd. 3), effective May 10, 1967, contains this provision: "Unless otherwise ordered by the court the burden of proof of the facts alleged in the petition shall be upon the petitioner to establish such facts by a fair preponderance of the evidence."