## STATE EX REL. ROBERT RAY PRETTYMAN v.
## RALPH H. TAHASH.

158 N. W. (2d) 259.

April 19, 1968—No. 40,555.

*C. Paul Jones,* State Public Defender, *Robert E. Oliphant,* Assistant State Public Defender, and *Steven Lange,* for appellant.

*Douglas M. Head,* Attorney General, and *Alan M. Schlesinger,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

This is an appeal from an order discharging a writ of habeas corpus issued upon defendant's application in postconviction proceedings.

Defendant, on December 10, 1963, entered a plea of guilty to an information charging him with aggravated robbery in violation of Minn. St. 609.245. Judgment of conviction was entered the same day. No appeal was taken. On July 27, 1966, he was granted a hearing on his petition for a writ of habeas corpus. The petition asserted that his plea of guilty was not entered voluntarily; that the sentencing court erred in accepting the plea; and that he was not adequately represented by counsel. At the postconviction hearing, defendant and his confederate, one Gary Neilson, testified in support of the petition. The testimony of Chief of Police Richard Schaller of Maplewood and Detectives Ulmont Peterson and Erwin Jahnke of the St. Paul Police Department contradicted defendant's claim that his plea was

not voluntary. At the conclusion of the hearing, the court made findings and entered conclusions of law.[1]

We have carefully examined the transcripts of both the proceedings before the trial court at the time of sentence and the proceedings before the court on petition for the writ of habeas corpus. There is no merit to defendant's contention that his plea was not entered freely and voluntarily. When defendant was examined by the trial court at the time of sentence, he was asked if any promises or inducements had been made to him. He answered that he was given to understand by one of the detectives that he would be charged with only one of the burglary charges which was pending against him. The trial court told him that no detective had authority to give him any assurance or promise. The trial court said:

"* * * I will tell you as a fact that [Detective Jahnke] had no authority to make that promise; there is nobody that has that authority to make that promise to you. Now what may be done or what might not be done as a matter of custom and practice is something different, but nobody had any authority to make any promise to you at all, and if that will affect your entering this plea I want you to take it into consideration right now."

Defendant answered, "I will stay with my plea of guilty." He admitted having received "[a]pproximately $132.00" from the burglary. His testimony before the habeas court is inconsistent and contradictory. He asserted that the reporter had not correctly transcribed the proceedings before the sentencing court and that he had not told the truth to the detectives when he

---

[1] The following conclusions of law were reached by the trial court:

"That no evidence was produced that warrants a finding that the admissions and confession of petitioner was other than voluntary.

"That the court appointed competent counsel to represent petitioner and the evidence does not show any facts or circumstances that warrant a finding that said counsel did not competently represent petitioner at all stages of the criminal proceedings.

"That the plea of guilty entered by petitioner to the charge of aggravated robbery was made after due conference and consideration by petitioner and his experienced and competent counsel.

"That the evidence does not warrant a finding that the trial court was amiss in accepting the plea of guilty of petitioner to aggravated robbery and in imposing sentence on said plea.

"Petitioner has failed to establish facts that show his constitutional rights were violated at the time of his confession, plea or sentence, or at any other time."

gave them a statement with reference to the alleged offense for which he was being investigated.

An examination of the entire file compels a conclusion that there was ample evidence to support the determination of the habeas court that the asserted grounds for the petition were completely without merit. State ex rel. Gray v. Tahash, 279 Minn. 248, 156 N. W. (2d) 228.

Affirmed.