## STATE EX REL. CHARLES WHITE v. RALPH H. TAHASH.

159 N. W. (2d) 117.

May 17, 1968—No. 40,809.

*C. Paul Jones*, State Public Defender, and *Murray Galinson*, Assistant State Public Defender, for appellant.

*Douglas M. Head*, Attorney General, *Richard H. Kyle*, Solicitor General, and *David J. Byron*, Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from an order denying petitioner's application for a writ of habeas corpus.

On January 14, 1963, petitioner was sentenced to imprisonment for a term not to exceed 15 years upon his conviction after a plea of guilty to

the crime of assault in the second degree [1] and to three prior felony convictions.[2]

In his application for a writ of habeas corpus, filed on his behalf by the state public defender on January 5, 1967, petitioner alleged that he was denied his constitutional right to adequate representation by counsel in that his court-appointed counsel failed to advise him that he could receive a longer sentence because of his prior convictions and informed him only that the maximum sentence was 5 years if he pled guilty and 10 years if he stood trial and was convicted, and that he was thus induced to enter a plea of guilty.

Following a plenary evidentiary hearing, the habeas court found that "the record conclusively establishes that the petitioner was warned and advised of the possibility of an increased sentence, including life imprisonment, as a result of his prior convictions." Our examination of the record reveals that petitioner's trial counsel did so advise him, and indeed the record of petitioner's testimony before the habeas court shows that on cross-examination, when confronted with the record of the proceedings resulting in petitioner's conviction, he admitted that his counsel "might have told [him] it carried up to life."

Clearly, the evidence was not only insufficient to establish petitioner's claim but compelled the finding made by the trial court and justified a denial of the writ. State ex rel. Gray v. Tahash, 279 Minn. 248, 156 N. W. (2d) 228.

Affirmed.

---

[1] Minn. St. 1961, § 619.38.

[2] Minn. St. 1961, § 610.29, provided that for a conviction of more than three prior felonies the sentence may be for life.