# RICHARD M. CABLE v. STATE.

169 N. W. (2d) 391.

July 3, 1969—No. 41319.

C. Paul Jones, State Public Defender, and Robert E. Oliphant, Assistant State Public Defender, for appellant.

Douglas M. Head, Attorney General, Richard H. Kyle, Solicitor General, J. Jerome Kluck, County Attorney, and Jack A. Mitchell, Assistant County Attorney, for respondent.

Heard before Nelson, Murphy, Otis, Sheran, and Frank T. Gallagher, JJ.

MURPHY, JUSTICE.

This is an appeal from an order of the District Court of Dakota County denying defendant's application for postconviction relief. The postconviction hearing was held pursuant to our decision in State ex rel. Cable v. Tahash, 277 Minn. 503, 152 N. W. (2d) 308. Defendant contends that, upon arraignment for felony violations in 1954, he entered pleas of guilty without benefit of counsel and without being fully informed as to the nature and

elements of the offenses with which he was charged, as a consequence of which he was denied basic constitutional rights.

From the record it appears that on April 23, 1954, defendant was taken into custody for the alleged offense of grand larceny in the second degree. While being held for prosecution, he escaped from the county jail, and before he was apprehended committed two additional crimes of burglary in the third degree and larceny in the second degree. He was rearrested on June 5, 1954, and on June 17, 1954, entered a plea of guilty in the District Court of Dakota County to a charge of burglary in the third degree (Minn. St. 1961, § 621.10). On the same day he entered a plea of guilty to informations charging him with escape (Minn. St. 1961, § 613.29) and two charges of grand larceny in the second degree (Minn. St. 1961, § 622.06). He was sentenced to an indeterminate term of up to 7 years for the offense of escape and an indeterminate term with a maximum of 5 years for each of the other offenses. The court provided that all sentences were to run concurrently.

It next appears from the record that on December 14, 1954, defendant was sentenced to an indeterminate term of from 0 to a maximum of 10 years for grand larceny in the first degree (Minn. St. 1961, § 622.05) by the District Court of Stearns County, a condition of the sentence being that it would run consecutively with the sentences imposed by the Dakota County District Court.

Defendant, apparently on parole, next appeared in the Stearns County District Court on February 23, 1957, where he was again sentenced to an indeterminate term with a maximum of 10 years for burglary in the third degree. That sentence provided that it was to run consecutively with the sentences imposed June 17 and December 14, 1954. It appears that this sentence was imposed pursuant to Minn. St. 1961, § 610.28, and comprehended an increased penalty because of prior convictions. It seems to be agreed that in the Stearns County proceedings de-

fendant was represented by counsel. It is also agreed that defendant is now on parole which will expire in 1972.

In considering defendant's claim that he was denied due process at the time of the arraignment and entry of pleas of guilty on June 17, 1954, it is necessary that we examine the record with reference to those proceedings. From the transcript it appears that when defendant was first arraigned on one of the charges of grand larceny in the second degree he appeared without a lawyer. The court told defendant:

"Q. Under the law I am required to inform you that you are entitled to have the court appoint a lawyer, if you wish to have a lawyer appear for you, free of charge to you. Do you wish to have a lawyer appear for you?

"A. No, Sir, I don't."

The court then explained to defendant that he was charged with grand larceny in the second degree and that the law provided punishment of not more than 5 years in prison or a fine of not more than $500. The court then read the charge as contained in the information to him. Defendant entered a plea of guilty and, on examination by the county attorney, gave the court the usual information with reference to family background, employment record, and the circumstances of the offense. In connection with the charge of burglary and a second charge of grand larceny in the second degree, the same procedures were followed, defendant declining the services of an attorney and telling the court of the circumstances of the offenses with which he was charged. When the information was presented with reference to the offense of escape from the county jail, defendant again declined the services of an attorney, and, in explaining the circumstances of the offense with which he was charged, he related the ruse which he and two other inmates used to effect their escape from the jail. He also told of what they did after the escape.

In examining the record as it relates to errors asserted by defendant, it should be noted at the outset that it is not contended

that Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. ed. (2d) 799, 93 A. L. R. (2d) 733, has any particular application to this case since the services of an attorney were always available to defendant. It seems that the precise errors alleged are that the trial court, in 1954, failed to observe present-day standards in receiving pleas of guilty. It would seem that the Dakota County District Court did not stress the fact that defendant was waiving his right to trial by jury nor the precise measure of punishment which the law provided for the offenses other than larceny in the second degree. In State v. Jones, 267 Minn. 421, 427, 127 N. W. (2d) 153, 157 (1964), we said:

"It is well recognized that a plea of guilty, which is a confession in open court, should be received with caution. This is particularly true as it applies to the graver felonies. The plea should not be entered where it is made by one who has not been advised of the nature and elements of the offense charged; nor should the plea be induced by misapprehension or ignorance. No plea should be accepted where it appears doubtful that it is not made intelligently and understandingly."

We take it that in present practice courts do not accept a plea of guilty without determining that defendant understands the nature of the charge; that he waives his right to trial by jury; the penalties described; and the possibility of increased punishment by reason of prior convictions.[1]

---

[1]A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (tentative draft, February 1967) suggests:

§ 1.3(b). "A defendant without counsel should not be called upon to plead to a serious offense until a reasonable time, set by rule or statute, following the date he was held to answer. When a defendant without counsel tenders a plea of guilty or nolo contendere to a serious offense, the court should not accept the plea unless it is reaffirmed by the defendant after a reasonable time for deliberation, set by rule or statute, following the date the defendant received the advice from the court required in section 1.4."

The fact that the trial court, in accepting pleas of guilty on arraignment in 1954, did not meet approved present-day standards does not necessarily entitle defendant to relief or to have the sentences vacated. At the time defendant entered the pleas of guilty, the trial court observed the usual and accepted practice of that day by informing defendant of his right to counsel. There was no requirement that the court appoint an attorney contrary to defendant's wishes. There is nothing in the record to indicate that the plea was induced by misapprehension or ignorance or that it was not intelligently and understandingly entered. The contention that defendant did not understand the nature and elements of the offenses is contradicted by his statements as they appear in the record. In view of defendant's statements, we agree that the postconviction hearing court could not seriously consider his claim that when he was arraigned he did not know the nature of the offenses with which he was charged or did not fully understand the reason why he was standing before the court to answer the charges brought against him.

In postconviction proceedings, the defendant has the burden of establishing by a fair preponderance of the evidence that he

---

§ 1.4. "The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

"(a)   determining that he understands the nature of the charge;

"(b)   informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury; and

"(c)   informing him:

"(i)   of the maximum possible sentence on the charge, including that possible from consecutive sentences;

"(ii)   of the mandatory minimum sentence, if any, on the charge; and

"(iii)   when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment."

has been denied a protection guaranteed by the Bill of Rights—as in Gideon—or that he was deprived of fair treatment amounting to a violation of fundamental rights of due process. That burden is not met by the bald assertion of error or a "colorable allegation" of prejudice in the proceedings by which he was convicted. See, State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847; State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657; State ex rel. Turner v. Tahash, 279 Minn. 359, 156 N. W. (2d) 904.

While it appears that defendant was not informed as to the penalties which attached to the offenses other than that of grand larceny in the second degree, we do not think, on the state of the record, that this deficiency impairs the validity of the judgments of conviction. The record satisfactorily reflects that defendant was intelligent and experienced on the subject of crime and punishment. He does not claim that he was innocent of the charges against him or that he was deprived of the right to present a meritorious defense.

We have searched the record in vain to find a meritorious claim which would indicate the defendant was prejudiced by the procedures followed in 1954 or that he lost any substantial right to which he might be entitled under present-day procedures.

Affirmed.