KENNETH D. CLAUSEN v. STATE.

181 N. W. (2d) 471.

November 13, 1970—No. 42165.

C. Paul Jones, State Public Defender, and Roberta K. Levy, Assistant State Public Defender, for appellant.

Douglas M. Head, Attorney General, John E. MacGibbon, County Attorney, and Robert B. Danforth, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant, who is an inmate of the State Prison at Stillwater, appeals from an order of the district court denying his petition for relief in postconviction proceedings (Postconviction Remedy Act, Minn. St. c. 590). He contends that in the prosecution against him he was denied the right of counsel at a preliminary hearing; that his pleas of guilty to the charges were not intelligently made; that he was in fact not guilty of two of the charges; and that he was denied benefit of effective counsel. The offenses with which he was charged occurred December 11, 1957. The prosecution was in January and February 1958. These proceedings were instituted in March 1969.

We have examined the skeletal record which has been provided and conclude that, in the context of that record, the asserted errors are entirely theoretical and without relation to what actually occurred. In 1957, defendant was in custody at the St. Cloud reformatory pursuant to convictions for car theft and burglary. On December 11, 1957, he and three others escaped and, in the process, assaulted custodial personnel. The escapees, including defendant, were apprehended and returned for prosecution. Defendant appeared in municipal court for a preliminary hearing in January 1958 and was bound over to the district court. In district court he was charged by information with four separate offenses including escape, larceny, and two charges of assault. Counsel

was provided for him, and after a plea of guilty he was sentenced to terms of 7 years, 3 years, 5 years, and 5 years, respectively, for escape, larceny, and two charges of assault.[1] Accordingly, defendant was sent to the State Prison at Stillwater under sentences aggregating 20 years, in addition to the prior sentences which he was serving at the time of his escape. In July 1967, defendant was paroled. About 3 months after his release, he was again apprehended and convicted of the offense of armed robbery. For that offense, he was sentenced in April 1968 to an indeterminate 10-year term to run concurrently with prior sentences.

Defendant's claim that he is entitled to relief because he was not provided with counsel at the preliminary hearing before the municipal court in St. Cloud in 1958 is without substance. No record was made of these proceedings, and an affidavit of the magistrate indicates that, while he had no recollection of defendant's appearance, it was his practice never to deny counsel to anyone who wanted legal representation at a preliminary hearing. While it appears that the two victims of the assaults testified at the hearing, the record tells us nothing of the circumstances of the alleged offenses. Nor does the record provide material which would permit us to examine the merits of defendant's claim that he did not participate in the assaults connected with the escape.

The claim that he was denied effective counsel is without support in the record. The transcript of the sentencing proceedings indicates that defendant did have an attorney with him, that he admitted having an opportunity to confer and discuss the circumstances of the offenses with the attorney, and that he understood the nature of the charges and the penalties involved.

We have said in numerous decisions that in postconviction proceedings defendant has the burden of establishing, by a fair preponderance of the evidence, that he was denied a protection guaranteed by the Bill of Rights or that he has been deprived of fair treatment amounting to a violation of the fundamental rights of due process. "That burden is not met by the bald assertion of error or a 'colorable allegation' of prejudice in the proceedings by which he was convicted." Cable v.

---

[1] The court said nothing about the sentences running either concurrently or consecutively. While under the present provisions of the Criminal Code of 1963, Minn. St. 609.15, subd. 1, those sentences would run concurrently, it is agreed that under the provisions of Minn. St. 1957, § 610.33, which was then in effect, the sentences would have run consecutively.

State, 284 Minn. 89, 94, 169 N. W. (2d) 391, 394. See, also, Hayes v. State, 283 Minn. 544, 169 N. W. (2d) 9; State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657; State ex rel. Prettyman v. Tahash, 280 Minn. 551, 158 N. W. (2d) 259; State ex rel. Turner v. Tahash, 279 Minn. 359, 156 N. W. (2d) 904; State ex rel. Gray v. Tahash, 279 Minn. 248, 156 N. W. (2d) 228; State ex rel. Ford v. Tahash, 278 Minn. 358, 154 N. W. (2d) 689; State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847.

We cannot find anything in the record to support a meritorious claim that defendant was prejudiced by procedures followed in 1958 or that he lost any substantial right to which he might be entitled under present-day procedures.

Affirmed.