STATE of Minnesota, Respondent,

v.

Duane Wendall LARSON, Appellant.

No. C0–87–135.

Court of Appeals of Minnesota.

July 21, 1987.

Review Denied Sept. 23, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, D. Gerald Wilhelm, Martin Co. Atty., Fairmont, for respondent.

Duane Wendall Larson, pro se.

Considered and decided by POPOVICH, C.J., and PARKER and FORSBERG, JJ., without oral argument.

## OPINION

POPOVICH, Chief Judge.

Duane Wendall Larson appeals from a trial court order denying post-conviction relief. He seeks to vacate a 1969 conviction allegedly based on an uncounseled guilty plea and thereby avoid enhancement of parole guidelines to be determined by the United States Parole Commission regarding appellant's subsequent and unrelated federal conviction. We affirm.

## FACTS

On December 23, 1969, appellant Duane Wendall Larson pleaded guilty to driving under the influence and violation of the open bottle law. *See* Minn.Stat. §§ 169.-121, .122 (1969). The only record in existence regarding that conviction is the form order for judgment. Any other record was destroyed by the trial court's administrator ten years following the conviction. The order for judgment states appellant pleaded guilty after he "was advised as to the rights of an accused person."

Appellant was subsequently convicted of an unrelated charge and incarcerated in federal prison. There in April 1986, more than 16 years following his 1969 conviction, appellant sought a writ of error coram nobis from the trial court to vacate the 1969 conviction because the conviction was allegedly obtained without benefit or waiver of counsel. The court denied this request as well as an amended petition for the writ.

In October 1986, Larson filed for post-conviction relief, citing Minn.R.Crim.P. 15 regarding acceptance of guilty pleas. The trial court denied the petition and Larson appeals.

## ISSUE

Did the trial court err in denying appellant's request for post-conviction relief?

## ANALYSIS

1. Appellant relies heavily upon *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983), in which the Minnesota Supreme Court held:

Where a defendant is unrepresented and there is no record of waiver of counsel, a prior conviction may be *collaterally attacked* on constitutional grounds and invalidated in a subsequent proceeding for purposes of an enhanced penalty statute, *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). In *Baldasar*, the United States Supreme Court refused to permit an uncounseled misdemeanor conviction to be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony.

*Id.* at 904 (emphasis added).

■ Appellant's petition is not a collateral attack because he seeks to vacate the 1969 conviction. The *Nordstrom* court did not invalidate the defendant's misdemeanor DWI conviction. Instead it merely held that conviction could not be used as the basis of a later gross misdemeanor charge. *Id.* at 905; *see State v. Edmison*, 379 N.W.2d 85 (Minn.1985) (sentencing court may not use a prior misdemeanor conviction in computing a presumptive sentence if the prior conviction was obtained in violation of defendant's right to counsel). Appellant's arguments and request for vacation should have been made by direct appeal from the conviction itself.

■ 2. Appellant claims delay is not a factor regarding post-conviction relief. The trial court concluded otherwise, citing *Houghton v. State*, 296 Minn. 494, 207 N.W.2d 63 (1973) (proper to deny relief when petitioner waited 46 years before asserting his rights); *Gaulke v. State*, 296 Minn. 487, 206 N.W.2d 652 (1973) (delay not justified when petitioner knew of newly discovered evidence 25 years prior to his petition); *Jones v. State*, 288 Minn. 527, 179 N.W.2d 315 (1970) (16 years not necessary to discover guilty plea to wrong

charge). We agree a 16–year delay in seeking relief is a proper factor for consideration.

3. We have said in numerous decisions that in postconviction proceedings defendant has the burden of establishing, by a fair preponderance of the evidence, that he was denied a protection guaranteed by the Bill of Rights or that he has been deprived of fair treatment amounting to a violation of the fundamental rights of due process. "That burden is not met by the bald assertion of error or a 'colorable allegation' of prejudice in the proceedings by which he was convicted." *Cable v. State*, 284 Minn. 89, 94, 169 N.W.2d 391, 394 (1969).

*Clausen v. State*, 288 Minn. 558, 559–60, 181 N.W.2d 471, 472 (1970). Appellant claims his uncounseled guilty plea should be vacated because he was denied his sixth and fourteenth amendment rights.

Larson asserts his knowing and intelligent waiver must be demonstrated expressly on the record. He argues a petition to enter a plea of guilty should have been filed. *See* Minn.R.Crim.P. 15.09. That rule was enacted in 1975 and was not even in existence in 1969. *Compare State v. Medenwaldt*, 341 N.W.2d 885, 887 (Minn.Ct. App.1984) (post-rule 15.09 case where preprinted form stating waiver and not requiring defendant's signature was held not sufficient to demonstrate the guilty plea was obtained consistent with constitutional requirements).

Appellant argues the United States Supreme Court had already established the basis for Minn.R.Crim.P. 15.09 in 1969. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The *Boykin* court held that waiver of constitutional rights when making a guilty plea cannot be presumed from a silent record. *See id.* at 242–43, 89 S.Ct. at 1711–12. Here, the record is not wholly silent. The order for judgment exists, which states appellant was advised regarding his rights. *Cf. Clausen*, 288 Minn. at 559, 181 N.W.2d at 472 (record sufficient when no written record was made, but magistrate filed an affidavit stating he never denied counsel to anyone who wanted representation at a preliminary hearing). Appellant has failed to show by a fair preponderance of the evidence that he was not advised regarding his right to counsel prior to pleading guilty.

## DECISION

The trial court properly denied appellant's request for vacation of conviction.

Affirmed.