## VERNON L. ROLLINS v. STATE.

168 N. W. (2d) 690.

June 6, 1969—No. 41364.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from an order of the district court denying a petition for postconviction relief.

The issue for consideration is whether the trial court properly refused to vacate a plea of guilty to the crime of robbery entered December 19, 1956, and the judgment of conviction which followed, in face of appellant's contention that the plea interposed was not entered voluntarily.

We are satisfied that the decision of the trial court should be affirmed. Although appellant testified at trial that his plea was prompted by his confession executed only because of threats and persistent interrogation, the finding of the trial court to the contrary is adequately

supported by the testimony adduced at the postconviction hearing. Although appellant testified that he entered his plea of guilty because law-enforcement officials threatened to charge him with other offenses and seek increased punishment under the recidivist statutes then in force, the finding of the trial court that no such representations were made by the authorities involved is also buttressed by adequate evidentiary support. Appellant testified in the postconviction court that the court-appointed attorney failed to disclose to him that were he to plead not guilty, he would have a right to a jury trial and that the state would be obligated to prove its case beyond a reasonable doubt. He claims also that there was a failure on the part of his appointed counsel to explain his privilege against self-incrimination. Recognizing the difficulty of establishing precisely what legal advice was given to appellant by his counsel after a lapse of more than 10 years, we hold in this regard that appellant failed to establish that failure of his counsel to advise him specifically on these matters caused him to tender a plea of guilty when he would not have otherwise done so. The relevant authorities pertaining to the problem are collected in State ex rel. Thunstrom v. Tahash, 283 Minn. 239, 167 N. W. (2d) 139.

Affirmed.