## VERNON L. ADLER v. STATE.

169 N. W. (2d) 233.

June 20, 1969—No. 41468.

C. *Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *J. Dennis O'Brien,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from an order of the District Court of Steele County denying defendant's petition for postconviction relief after a hearing conducted pursuant to the Postconviction Remedy Act, L. 1967, c. 336, Minn. St. c. 590.

The procedural history outlined in defendant's brief, which is accepted by the state, sets forth the following facts: Defendant-appellant, Vernon L. Adler, was arrested by police in Rochester, Minnesota, August 26, 1966, and arraigned in Steele County District Court December 22, 1966, on an information charging him with aggravated forgery contrary to Minn. St. 609.625, subd. 3. Defendant entered a plea of guilty to the charge

and a presentence investigation was ordered, following which he was sentenced to a term of from 0 to 5 years in the State Reformatory on January 13, 1967. A notice of appeal was filed June 13, 1967. A motion for remand was filed August 28, 1967, and a petition for postconviction relief upon remand was filed November 2, 1967, following remand of the appeal by this court to the district court for a postconviction hearing to determine (1) whether defendant's guilty plea was induced by promises of counsel; and (2) whether defendant was adequately represented by counsel.

The hearing on the postconviction petition was held May 9, 1968, and the petition was denied May 13, 1968. On appeal from the denial of the petition, defendant's only assignment of error is that the postconviction court erred in failing to vacate the judgment of conviction entered January 13, 1967. It is his claim that his plea of guilty was not freely and voluntarily given as required by the United States Constitution, because it was induced by a promise that if he pled guilty he would be given a suspended sentence and sent to Willmar State Hospital for treatment of an alcoholic condition from which he was suffering at the time. He also asserts that he was denied effective aid and representation of counsel as guaranteed by the United States Constitution because his court-appointed attorney conferred with him only twice, each time for a very short time.

Defendant on July 23, 1966, passed a check to one Frank Kos in the amount of $31 made payable to defendant's order. Defendant had forged the drawer's signature which read "Jerry Morris, Jr." Defendant was arrested by Rochester police and subsequently convicted in Olmsted County District Court of the crime of fraud by check, allegedly committed in Rochester August 20, 1966. During the pendency of the charge against him, he was given tests at the Rochester State Hospital and was placed on probation after conviction on condition that he enter the Willmar State Hospital for treatment of his serious drinking problem.

While awaiting transportation to Willmar, defendant was arrested by Steele County authorities and arraigned on a charge of aggravated forgery in connection with the check passed to Frank Kos July 23, 1966, in Owatonna. At this time there was also a "hold" order issued by Fillmore County authorities for an arrest on a misdemeanor charge. That charge was subsequently dismissed.

Defendant pled guilty at the Steele County, arraignment on December 22, 1966. He stated that, although he did remember the check, he did not remember being in the place where it was cashed and did not recall the person who accepted it. He also stated that he had been drinking at the time this check was presented for payment and was not entirely sure of what he was doing. Defendant further stated he had a recognized severe alcoholic problem and was willing to commit himself to Willmar State Hospital. At the arraignment he asserted that if he had not been drinking he would not have written the bad check.

Defendant contends, and testified at the postconviction hearing, that he pled guilty because he was promised by' counsel that if he did so plead he would be placed on probation and committed to Willmar. At that hearing he also asserted he would not have pled guilty if he had known the promise would not be kept and he would be sentenced to a prison term. Defendant's court-appointed counsel, however, asserted that he remembered that he had never advised defendant he would be sent to Willmar. However, he could not remember advising the defendant that he was not going to Willmar. Defendant also stated that he saw his court-appointed counsel only twice while in jail for periods of no more than 45 minutes and that the only other conversations he had with his counsel were at court appearances.

At the postconviction hearing Harold Nelson, senior partner in the law firm of Nelson, Casey, Tripp, and Dow of Owatonna, testified that, anticipating that he would be appointed to represent defendant in Steele County, he saw defendant on two

separate occasions prior to defendant's arraignment, each meeting lasting from 1/2 to 3/4 of an hour.

Nelson also stated that since he had previously planned to be out of town at the time of defendant's arraignment on December 22, 1966, his law partner, George Dow, Jr., was appointed to handle the case. Dow and Nelson each testified at the postconviction hearing that they discussed the case with each other before Nelson left the case on December 13, 1966. Dow met with defendant on 5 separate occasions, each meeting lasting 1/2 hour or more. Defendant's testimony at the postconviction hearing corroborated the length of his discussions with counsel.

Dow attempted to get restitution on the check by contacting defendant's relatives and some relief agencies. Dow testified that he informed defendant that the burden of proof was on the state and also informed him of his right to a preliminary hearing, the nature of the charge against him, the consequences of that charge, and his right to a jury trial. Dow also discussed defendant's drinking problem with him but testified that he never advised defendant that if he pled guilty he would be able to go to Willmar. Dow said he informed defendant that it was not Dow's decision whether defendant could go to Willmar, as Dow could not determine what disposition the court would make of the case. He further testified that he discussed defendant's intoxicated state at the time of the alleged criminal act, and because of defendant's recollection of being in the store where the forgery occurred and because defendant remembered offering the check in payment for gasoline and food, Dow concluded that defendant had control of his faculties at the time of the transaction.

■ The district court found that defendant's plea of guilty was not induced by promises of a suspended sentence and commitment to Willmar State Hospital. The record of the postconviction hearing supports this finding since it establishes that defendant was not promised such a suspended sentence and commitment. Attorney Dow at the hearing unequivocally denied ever promising the defendant that if he pled guilty to the charge

he would be given probation and sent to Willmar. Dow specifically advised defendant, "on each possible occasion that the matter came up," that whether or not he went to Willmar was within the province of the court. Attorney Nelson testified that when he met with defendant before turning the case over to Dow defendant asked him about possible probation on condition that defendant go to Willmar and that Nelson said he did not know. Thus, the great weight of the evidence presented at the hearing supports the finding by the postconviction court that—

"* * * there is no evidence to indicate that petitioner's guilty plea was induced in any manner improperly or by any promise that a suspended sentence or commitment to Willmar would follow a plea of guilty."

It is well settled that the findings of the court below are to be sustained if there is reasonable evidence to support them. State ex rel. McGuire v. Tahash, 260 Minn. 334, 109 N. W. (2d) 762. In addition, the record in a case involving a plea of guilty must be viewed in the light most favorable to support a finding of guilt. State v. Williams, 282 Minn. 240, 163 N. W. (2d) 868.

■ Defendant claims that his appointed counsel spent inadequate time with him and that the representation he received was not effective. This claim on the part of defendant is without merit. The general rule with respect to the allegation of inadequate counsel is that—

"* * * allegations of incompetence or inefficiency on the part of counsel will not ordinarily suffice, unless counsel's purported representation was such that the trial was made a farce and a mockery of justice." State v. Waldron, 273 Minn. 57, 69, 139 N. W. (2d) 785, 794.

■ We think the record clear that counsel spent more than adequate time with defendant. Both Nelson and Dow gave freely of their time. The record of the postconviction hearing clearly indicates that Nelson met with defendant on two separate occasions, and Dow did so five times. Each meeting lasted from

1/2 to 3/4 of an hour. The length of time spent is finally corroborated by defendant himself.

The determinative issue, however, is not the amount of time spent in the instant case by counsel, but rather whether defendant was adequately represented by counsel. It has been conclusively established that defendant was advised as to the burden of proof being on the state; his right to a preliminary hearing; the consequences of pleading guilty or not guilty; his right to a jury trial; and the nature and consequences of the charges against him.

If we apply here the standard laid down in State v. Waldron, *supra*, it is clear that the proceedings in issue were not a farce or a mockery of justice. It is abundantly clear from the record that sufficient time was spent by counsel in preparing defendant's case, something he finally did not contradict. More importantly, defendant was informed of his rights and the nature and consequences of the charges against him, which further confirm that counsel gave him effective representation.

■   Furthermore, there is no merit in defendant's claim that counsel should not have allowed the plea of guilty because defendant had a valid defense of drunkenness. Trial counsel explained why the defense of intoxication was rejected. Attorney Dow was asked:

"Q.   What did he say to you or what did you determine was his condition at the time of the occurrence here in Owatonna, commission of the crime?

"A.   That he had been drinking but he was very much aware of having been in this store and had offered the check in payment for food and some change and to buy some gasoline for the car, that there was a friend with him. In other words, he was in control of his faculties, knew what he was doing but did not remember specifically the owner of the store or the furnishings in the store in which he had passed the check. In my mind he fully knew what he had done * * *.

"Q. Did that information come to you from the defendant himself?

"A. Yes, sir."

Under the circumstances we are of the opinion that counsel for defendant was making a calculated decision in the best interests of his client. Moreover, it is well settled that failure of defense counsel to interpose defenses which would have been without merit does not constitute inadequate representation by counsel. State v. Mathiasen, 273 Minn. 372, 141 N. W. (2d) 805.

This court in State ex rel. Adams v. Rigg, 252 Minn. 283, 288, 89 N. W. (2d) 898, 903, said:

"* * * [A] defendant should not be permitted to urge the ignorance or incompetence of, or mismanagement by, his attorney as a ground for a new trial, even in a criminal case, *unless there be a strong showing of both incompetence and prejudice.*" (Italics supplied in part.)

There is a controlling presumption that court-appointed counsel discharged his responsibilities with fidelity unless the record clearly indicates otherwise. State ex rel. Grest v. Tahash, 261 Minn. 282, 112 N. W. (2d) 54. Furthermore, in a case involving a plea of guilty the findings of the court below are entitled to the same weight as in any other case and are to be sustained if there is reasonable evidence to support them. State ex rel. McGuire v. Tahash, *supra.*

We reach the conclusion from a consideration of the evidence submitted at the postconviction hearing, including defendant's own testimony, that defendant's plea of guilty was freely and voluntarily entered and that he received adequate and effective representation by his counsel. The order entered below is amply supported by the evidence.

Affirmed.