## JOSEPH GEORGE PRATT v. STATE.

175 N.W. (2d) 182.

February 27, 1970—No. 41471.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant* and *Rosalie E. Wahl,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Theodore Rix* and *Manny Kopstein,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Appeal from an order denying postconviction relief.

Petitioner was convicted of armed robbery[1] of a Minneapolis grocery store upon his plea of guilty in July 1963. In September, he received an indeterminate sentence of 10 to 80 years, doubled by reason of his plea of guilty to a charge of one prior felony conviction, namely, attempted burglary in the third degree in November 1961. In December 1967, he filed this petition for postconviction relief, seeking to set aside his conviction and sentence. After a plenary evidentiary hearing before the District Court

---

[1] In violation of Minn. St. 1961, § 619.42.

of Hennepin County at which the oral testimony of petitioner and the depositions of police officers who made the arrest and obtained a confession from him were submitted, the court, upon findings of fact, denied the relief requested.

Petitioner contends his testimony at the postconviction hearing established that an illegal confession was obtained from him while he was in jail, having been deprived of food and sleep for a 22-hour period of questioning, by promises of leniency and threats of further prosecution; that his apartment was illegally searched and incriminating evidence seized by police officers who were not empowered to do so by a search warrant nor acting incident to a lawful arrest based on probable cause; and that his lack of knowledge and understanding of his constitutional rights to challenge the admissibility of his confession and the evidence seized led him to believe that such evidence could be used against him and induced him to plead guilty.

Petitioner's testimony concerning the facts and circumstances surrounding his arrest, the search of his apartment, and his confession to the police was contradicted by the testimony of the police officers and the testimony of petitioner in the proceedings resulting in his guilty plea. As was the prerogative of the postconviction court, the conflicting evidence was resolved against petitioner. The court found that his arrest was based upon probable cause; his apartment was searched incident thereto; his confession was voluntary; and his plea of guilty was not induced thereby. As we have often declared in this type of collateral attack authorized by our Postconviction Remedy Act, Minn. St. 590.01, et seq., the issues presented are essentially questions of fact, with the determinative issue being whether petitioner's plea of guilty at the time it was tendered and accepted was induced solely because of his lack of knowledge and understanding of his constitutional rights, and a denial of those rights, or whether the plea was based upon his voluntary acknowledgment that he in fact committed the offense charged without regard to any constitutional deficiencies in the proceedings resulting in his convic-

tion. State ex rel. Parks v. Tahash, 284 Minn. 446, 170 N. W. (2d) 448; State ex rel. Pittman v. Tahash, 284 Minn. 365, 170 N. W. (2d) 445; Pooley v. State, 284 Minn. 546, 169 N. W. (2d) 397; Adler v. State, 284 Minn. 31, 169 N. W. (2d) 233; Rollins v. State, 283 Minn. 482, 168 N. W. (2d) 690.

Bearing in mind the limited scope of our review of findings of the postconviction court, and upon a consideration of the entire record, we are satisfied that the evidence supports the conclusions of that court. There is ample evidence to support the findings that petitioner's arrest was based upon probable cause and that his confession was voluntary. Even though it may be arguable that a search of his apartment was constitutionally impermissible if Chimel v. California, 395 U. S. 752, 89 S. Ct. 2034, 23 L. ed. (2d) 685, were given retrospective effect, the record neither reveals the precise nature of the evidence seized nor establishes that any anticipated use of this evidence played any part in motivating petitioner to plead guilty. Overall, the record clearly and persuasively supports the finding that petitioner, without promise or threat and of his own free will and accord, pled guilty to the charge, and that he supported such plea with unequivocal admissions that he entered the grocery store armed with a loaded .32-caliber revolver, which he used to obtain money from the owner of the store. Petitioner submitted no testimony during the postconviction hearing to contradict these facts, nor did he at the time of his plea or at the postconviction hearing claim that he was innocent of the crime charged. It is clear, therefore, that the factual determination of the postconviction court that petitioner's plea of guilty was not induced by his lack of knowledge and understanding of his constitutional rights but was instead a voluntary acknowledgment of his guilt has ample evidentiary support.

Petitioner's claim that he was denied effective assistance of assigned counsel is simply not established by the record. Adler v. State, *supra*; State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785.

Affirmed.