## LAWRENCE W. BROWN v. STATE.

176 N. W. (2d) 605.

April 10, 1970—No. 41485.

---

,*John S. Connolly*, for appellant.

*Douglas M. Head*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, and *David G. Roston*, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Appeal from an order of the district court denying a petition for postconviction relief. On August 24, 1937, petitioner was indicted for the first-degree murder of one Samuel Brolin. On October 12, 1937, the jury returned a verdict of guilty of the lesser included offense of murder in the second degree, pursuant to which petitioner was sentenced to life imprisonment.

On October 21, 1937, petitioner moved for a new trial, alleging, among other things, errors in admitting evidence (including pictures) of his reenactment of the murder at the scene of the crime and in the court's instructions relating to the issue of voluntariness of four written confessions, which motion was heard and denied. On February 4, 1938, petitioner again moved for a new trial, alleging that he was insane prior to and during his trial. This motion was based upon claimed newly discovered evidence which included the fact that shortly after his confinement in the State Prison and 32 days after his conviction, the Washington County probate court committed him to the State Hospital for the Criminal Insane. This motion was also denied.

Twenty-nine years later, on June 22, 1967, petitioner (who was paroled on November 13, 1969)[1] filed a petition for postconviction relief, alleging that his confessions and evidence of

---

[1] Release on parole does not bar petitioner from seeking postconviction relief. See, State v. Zecher, 267 Minn. 497, 128 N. W. (2d) 83.

the reenactment of the alleged crime were erroneously admitted at trial and that he "was denied due process of law * * * by the trial court's failure to hear sanity hearings on his competency to stand trial." Extended evidentiary hearings conducted on three separate days were afforded petitioner, at which he gave oral testimony tending to support his claims that his written and photographic confessions were induced by police brutality as well as by threats and promises and that he was not competent to stand trial. Unlike State ex rel. Gray v. Tahash, 279 Minn. 248, 156 N. W. (2d) 228,[2] where the officials involved in the prosecution were all deceased at the time of the postconviction hearing, surviving witnesses of the facts and circumstances surrounding defendant's confessions and his mental competency prior to and during trial were produced by the state. Their testimony and the documentary evidence contained in the clerk's file directly contradicted petitioner's testimony. The postconviction court, in denying petitioner relief, specifically found that both his written confessions and his reenactment of the crime were voluntary, and that upon trial he "fully understood the nature of the proceedings and was capable of, and in fact vigorously did, make and participate in his own defense." The court's accompanying comprehensive memorandum, reviewing the evidence in detail, makes clear that because the state's evidence was more credible than the oral testimony of petitioner, the conflicts in the evidence were resolved against petitioner.

The scope of our review in a postconviction proceeding involving conflicting evidence is limited to the question of whether there is sufficient evidence to sustain the findings of the postconviction court. State ex rel. Pittman v. Tahash, 284 Minn. 365, 170 N. W. (2d) 445. Our careful examination of the record not only fails to reveal any significant support for a claimed denial of fundamental rights but compels the conclusion that the evidence is more than ample to support the findings and determina-

---

[2] Tyler v. Beto (5 Cir.) 391 F. (2d) 993.

tion of the postconviction court. State ex rel. Pittman v. Tahash, *supra;* Adler v. State, 284 Minn. 31, 169 N. W. (2d) 233; Pooley v. State, 284 Minn. 546, 169 N. W. (2d) 397; Rollins v. State, 283 Minn. 482, 168 N. W. (2d) 690.

Petitioner also claims that the prosecution in final argument improperly referred to a lie-detector test. This claim was not presented to, or passed upon by, the postconviction court, and no evidence was submitted upon which that court could have found any facts or circumstances supporting or refuting the claim or whether any prejudice resulted. As such, the claim amounts to no more than a mere argumentative assertion, devoid of any support in the record, and therefore, as is the case of appeals from a judgment of conviction, not susceptible of review by this court. State v. Williams, 279 Minn. 152, 155 N. W. (2d) 739.

Affirmed.