JAMES EDWARD LORING v. STATE.

176 N. W. (2d) 604.

April 10, 1970—No. 41396.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, and *James J. O'Connor* and *John R. Kenefick,* Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant, charged with the theft on September 25, 1966, of eight 10 by 20 tires and rims in violation of Minn. St. 609.52, subd. 2(1), was convicted upon his plea of guilty, which was tendered and accepted on April 12, 1967, after he withdrew a not-guilty plea immediately before the trial was to commence. Following a presentence investigation, he was sentenced on May 26, 1967, to imprisonment for a term of not to exceed 5 years.

In seeking postconviction relief, defendant claimed that his plea was not voluntary since he had been induced to plead guilty because his defense counsel "guaranteed" that he would receive probation and the county prosecutor promised to secure the dismissal of a charge of theft then pending in an adjoining county. At the plenary evidentiary hearing held in Kandiyohi County on February 20, 1968, he submitted oral testimony in support of these claims and, additionally, that he would have stood trial but chose to plead guilty to shield his brother-in-law. In denying relief, the postconviction court made detailed findings of fact, accompanied by a comprehensive memorandum analyzing the testimony submitted, specifically finding:

"The claims of the defendant are not substantiated by the evidence. There were no promises made by anyone that he would get probation and no promises made by anyone that the charge in Pope County would be dismissed if he plead guilty. His plea of guilty was not induced by any fraud, coercion or misrepresentation. The defendant was fully advised of his constitutional rights by his counsel, and he understood them. His plea of guilty was his voluntary act with full knowledge of what the consequences might be."

And further:

"The defendant's guilt is well established by his statements under oath concerning the details of the offense as disclosed by the transcript at the time he entered a plea of guilty."

Our careful review of the record compels the conclusion that petitioner's testimony in support of his claims was categorically refuted by the testimony of his defense counsel, who, although serving by appointment at the time of his plea, had been previously privately retained by him; the county prosecutor; an agent of the State Crime Bureau; the trial judge who presided; and the verbatim record of his statements made at the time he proffered his plea of guilty. Such a record requires affirmance by a reviewing court. Brown v. State, 286 Minn. 472, 176 N. W. (2d) 605; Pratt v. State, 286 Minn. 214, 175 N. W. (2d) 182; State ex rel. Pittman v. Tahash, 284 Minn. 365, 170 N. W. (2d) 445.

Affirmed.