## JOHN C. LANGER v. STATE.

178 N. W. (2d) 628.

June 19, 1970—No. 41551.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

This is an appeal from the district court's order denying petitioner's application for postconviction relief. We affirm.

On the afternoon of February 3, 1956, petitioner allegedly stole a cashbox containing currency and bonds totaling more than $500 from his landlady. The evidence would support findings that petitioner had seen the cashbox before, for it was the source of the change he received when he paid his weekly rent; that the box was taken soon after he had been left alone in the room in which the box was kept; that he took the currency and threw the

box and the bonds into a trash can nearby; and that he spent all but $23 for a new rifle, a few clothes, and a "good time." A few days later the St. Paul police arrested petitioner and charged him with grand larceny, Minn. St. 1953, § 622.05 (now within the scope of the theft statute, Minn. St. 609.52).

Upon interrogation by police officers, petitioner admitted the theft and, thereafter, led the officers to the trash can from which the box was recovered. At the postconviction hearing, petitioner claimed that he knew the box was in the trash can only because he had sent a friend—whose last name he had forgotten—to the rooming house to pick up his clothes, and that his friend had taken the money and then revealed to him the location of the box; further, petitioner claimed that he had admitted the theft only because the officers had threatened his life if he did not confess. The trial court could deem the former claim to be self-refuting and the latter to be unproved by the preponderance of the evidence.

At the initial arraignment of petitioner on February 16, 1956, the court refused to accept his plea of guilty because petitioner refused to relate any of the details of the crime. However, on February 21, 1956, after his able, court-appointed counsel had patiently advised petitioner of his rights, as the court found, petitioner renewed his plea of guilty and answered questions concerning the crime. The plea was then accepted. As was the practice at that time, no attempt was made by the court to ascertain if petitioner knew the elements of the crime with which he was charged or the rudiments of the procedure which would be involved were he to plead not guilty. Petitioner was convicted and sentenced to imprisonment for 2 to 20 years for this offense and one prior felony conviction.[1]

---

[1] Petitioner was unconditionally discharged from this sentence (and from a subsequent 14-year sentence for escape) on July 17, 1968. His discharge does not, however, foreclose the petition for postconviction relief. Morrissey v. State, 286 Minn. 14, 174 N. W. (2d) 131.

On December 6, 1967, petitioner filed an application for postconviction relief. This application and a supplement filed April 12, 1968, allege, in addition to those claims noted above, that he was unaware of his rights and the elements of grand larceny when he entered a guilty plea and that the plea itself disclosed a doubt as to his guilt. On June 10, 1968, following an evidentiary hearing, Judge Robert V. Rensch summarily ruled against the petitioner on all points.

We have stated often that the scope of this court's review of postconviction proceedings is limited to the question of whether there is sufficient evidence to sustain the court's findings. Loring v. State, 286 Minn. 551, 176 N. W. (2d) 604; Brown v. State, 286 Minn. 472, 176 N. W. (2d) 605; State ex rel. Pittman v. Tahash, 284 Minn. 365, 170 N. W. (2d) 445. This is because the petitioner's claims are essentially factual allegations, as to which he has the burden of proof. Minn. St. 590.04, subd. 3. After a careful review of the evidence we can only conclude that the trial court's findings are substantiated by the evidence: The petitioner's bare assertion that he was blindly manipulated is starkly contradicted by the testimony of his conscientious defense counsel, by one of the two interrogating police officers (the other is deceased), and by the petitioner's own statements at the original proceedings.

We could not approve the cursory manner in which the petitioner's guilty plea was accepted in this case had it more recently occurred. Chapman v. State, 282 Minn. 13, 162 N. W. (2d) 698. It was, however, consistent with the practice in 1956 and is sustained by the basic finding that petitioner was aware of his constitutional rights and, with such knowledge, voluntarily pleaded guilty. Cable v. State, 284 Minn. 89, 93, 169 N. W. (2d) 391, 394.

Affirmed.