JOHN O. McMILLEN v. STATE.

182 N. W. (2d) 845.

December 24, 1970—No. 41985.

C. Paul Jones, State Public Defender, and Roberta K. Levy and Rosalie E. Wahl, Assistant State Public Defenders, for appellant.

Douglas M. Head, Attorney General, John C. Arko, County Attorney, and Thomas J. Bieter, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Rogosheske, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Appeal from an order denying postconviction relief.

On June 9, 1960, petitioner, then aged 30, married, and the father of five children (aged 2 months to 5 years), was arrested and charged with taking indecent liberties with an 11-year-old girl[1] in violation of Minn. St. 1957, § 617.08.[2] Represented by appointed counsel of his own choosing, he was released on $1,000 bail. Thereafter, he entered a plea of not guilty, following which a psychiatric evaluation was ordered by the court.

When a trial of the case was to be scheduled some 37 months later, petitioner appeared in July 1963 and withdrew his plea and entered a plea of guilty to the charge. On September 4, 1963, after a presentence investigation, petitioner was sentenced to imprisonment for a term not to exceed 7 years, but execution of the sentence was stayed and he was placed on probation. About a year and a half later, petitioner appeared before the sentencing court and admitted violating a specific condition of probation which prohibited him from engaging in extramarital sex activi-

---

[1] The specific claim was soliciting intercourse while "hugging" the girl and exposing himself.

[2] The charge was denominated indecent assault under the statute then in force. This offense, which falls short of intercourse, is now separately and more precisely proscribed by Minn. St. 609.296.

ties. The court continued petitioner's probation but ordered him to serve 120 days at the county work farm, directing that upon his release from the farm he be discharged. Ten days later he escaped from the work farm and on April 9, 1965, appeared in response to charges of escape and violating his probation. He acknowledged his guilt, and a stay of execution of the original 7-year sentence was vacated, the charge of escape was dismissed, and he was committed to prison.

In 1967, after he had served about a year and a half of his sentence, petitioner filed a petition for a writ of habeas corpus, which was denied. Subsequently, represented by the public defender, he filed this petition for postconviction relief pursuant to Minn. St. c. 590, which was also denied, and this appeal was taken. During the pendency of this appeal, petitioner was discharged. In both the habeas corpus and postconviction proceedings, petitioner was afforded plenary evidentiary hearings. The proceedings leading to his conviction, the revocation of probation, and the postconviction attacks were heard before four different judges, and petitioner was represented by five different attorneys—one privately retained and four court-appointed.

On this appeal, petitioner claims he was denied due process of law when the trial court accepted his change of plea from not guilty to guilty without determining that it was made voluntarily and understandingly and without a factual basis therefor reflected in the record; that he was denied a speedy trial; and that he was deprived of effective assistance of counsel. All of these claims except the last were adjudicated, both in the habeas corpus proceeding and in the postconviction proceeding. Defense counsel who had represented petitioner in the proceedings resulting in his conviction testified at the postconviction hearing.

Although the taking of petitioner's guilty plea did not conform to present-day procedural standards, there was compliance with the practice then prevailing, and no sufficient reason appears to justify retroactive application of the standards now governing acceptance of guilty pleas. A. B. A. Project on Mini-

mum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies (Approved Draft, 1968) § 2.1(a)(vi); Cable v. State, 284 Minn. 89, 169 N. W. (2d) 391; Langer v. State, 287 Minn. 320, 178 N. W. (2d) 628. As was not uncommon in 1963, the transcript of proceedings does not reveal the details of extensive off-the-record discussions by the court with petitioner, his appointed counsel, and the prosecutor. However, as the postconviction court found, it is reasonably inferrable from the record that the petitioner was sufficiently aware of the nature of the charge, his rights, and the consequences of a guilty plea, and that he entered his plea voluntarily and understandingly and that there was a factual basis for the sentencing court's acceptance of petitioner's plea of guilty, violence not being an essential element of the crime of taking indecent liberties with a person under 16 years of age. State ex rel. Radke v. Tahash, 283 Minn. 146, 166 N. W. (2d) 710.

The postconviction court's disposition of the other issues raised by petitioner is supported by the evidence. The delay of 37 months did not deprive him of his right to a speedy trial since he was not confined, made no request for disposition, was agreeable to the delay for tactical reasons, and suffered no prejudice. See, State v. Robinson, 262 Minn. 79, 114 N. W. (2d) 737, certiorari denied, 371 U. S. 815, 83 S. Ct. 26, 9 L. ed. (2d) 56.[3] Further, the record fails to establish the claim of ineffective assistance of counsel. Indeed, on the contrary, it compellingly supports the postconviction court's conclusion that both before

---

[3] Even though we were to apply the standard, proposed by the A. B. A. Project on Minimum Standards for Criminal Justice, that the time for trial should commence running from the date the charge is filed despite the absence of any demand for trial by the petitioner, this claim is without merit. Since the right to a speedy trial is a personal right, the failure to move for discharge prior to trial or entry of a plea of guilty is deemed a waiver of the right to a speedy trial. A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial (Approved Draft, 1968) §§ 2.2 and 4.1.

conviction and throughout the proceedings leading to commitment, defense counsel, as well as the court, attempted to do everything possible to serve petitioner's best interests.

In short, our careful review of the record, directed to ensure protection of petitioner's fundamental rights, compels the conclusion that the acceptance of petitioner's guilty plea conformed to the practice prevailing in 1963; that no manifest injustice resulted therefrom; that petitioner was not deprived of his rights to speedy trial or effective assistance of counsel; and that there is adequate evidentiary support for the findings and order of the postconviction court denying relief. Loring v. State, 286 Minn. 551, 176 N. W. (2d) 604; Brown v. State, 286 Minn. 472, 176 N. W. (2d) 605; Pratt v. State, 286 Minn. 214, 175 N. W. (2d) 182; State ex rel. Pittman v. Tahash, 284 Minn. 365, 170 N. W. (2d) 445; Chonis v. State, 287 Minn. 542, 177 N. W. (2d) 810.

Affirmed.