DONALD LINCOLN BULTMAN v. STATE.

187 N. W. (2d) 117.

May 7, 1971—No. 42062.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Odden, JJ.

PER CURIAM.

This is an appeal from an order of the Hennepin County District Court denying a petition for postconviction relief. We affirm. The essential facts of the matter are as follows:

On April 30, 1948, petitioner was found guilty by a jury of first-degree robbery. On the basis of the conviction entered pursuant to that verdict and of a prior conviction for third-degree robbery, he was sentenced

to the State Prison at Stillwater for an indeterminate term not to exceed 20 years.

On October 20, 1953, in the Ramsey County District Court, petitioner was convicted of the crime of first-degree robbery and two prior convictions and again sentenced to an indeterminate term not to exceed 20 years.

On October 24, 1963, in Hennepin County District Court he was convicted of second-degree forgery and sentenced to the State Prison for an indeterminate term to be served concurrently with a sentence imposed for parole violation.

On January 11, 1968, in Rice County District Court, he was convicted of burglary and given a 5-year sentence to be served consecutive to any other sentence.

On December 26, 1968, pursuant to Minn. St. c. 590, petitioner filed a petition for postconviction relief from the 1948 robbery conviction claiming he had been denied due process in that (1) the court admitted evidence which had been seized without a search warrant; (2) the evidence was insufficient to support his conviction because at trial a witness had identified petitioner's brother as the alleged robber; and (3) a police-officer witness in testifying alluded to petitioner's prior criminal record.

In 1948, petitioner had been charged with robbery of a jewelry store, to which he entered a plea of not guilty. At trial, the state produced testimony from two eyewitnesses—the jeweler and his son. At the post-conviction proceeding, the attorney representing petitioner at the 1948 trial testified that when he had placed petitioner's brother in the courtroom seat which was supposed to have been occupied by petitioner, the jeweler's son had identified petitioner's brother as the person who had robbed the store. Petitioner claims that as a result of such misidentification the evidence was insufficient to sustain the conviction because direct identification was made only by the jeweler, who was 77 years old and is said to have worn eyeglasses purchased from the counter at Woolworth's. In addition, petitioner's former attorney testified that the gun introduced into evidence was not satisfactorily linked to petitioner or to the crime. Petitioner argues also that testimony identifying his coat as that worn by the robber was rebutted by testimony of a tailor who had repaired the coat and who claimed that the coat was in his possession at the time the alleged crime was committed.

Petitioner's former attorney also testified that prejudicial testimony had been admitted at trial in that a police officer in testifying had alluded to petitioner's prison record. The attorney testified that he asked for a mistrial following such testimony, that the motion was denied,

and that the court instructed the jury to disregard the prejudicial testimony. In addition, he testified that following conviction one of the jurors had told him that the jury had convicted petitioner because of having heard about his prior convictions.

The state produced no witnesses at the postconviction hearing but introduced the trial judge's minutes which he had made during trial. No transcript was made of the trial, and the trial judge's minutes are the only written record of that proceeding.

Following the postconviction hearing, the district court denied relief, ruling that the admission of evidence seized without a warrant was not a denial of due process in 1948, since Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. ed. (2d) 1081, is without retroactive effect. The court further found that petitioner had not established that he was denied due process when his brother was identified as the robber; and that he had not established that prejudicial testimony of prior convictions had been admitted erroneously or otherwise.

1. The district court properly denied the claim that a denial of due process occurred due to admission of evidence which had been seized without a warrant. Mapp v. Ohio, *supra,* has been held not to apply to state convictions which had become final prior to that ruling. Linkletter v. Walker, 381 U. S. 618, 85 S. Ct. 1731, 14 L. ed. (2d) 601.

2-3. The court's findings that the petitioner failed to establish the factual assertions of his petition are sustained by the evidence and will not be disturbed by this court.

Our statutory postconviction remedy provides that the burden is upon petitioner to establish by a fair preponderance of the evidence the facts alleged in the petition.[1] It would seem from the trial court's findings that petitioner failed to establish his cause by the required

---

[1] Minn. St. 590.04, subd. 3, provides in part: "If the court determines that the issues present only questions of law, it may order the petitioner to be present at the hearing; in all other cases it shall order the petitioner to be present at the hearing. If the petitioner is represented by an attorney, the attorney shall be present at any hearing.

"A verbatim record of any hearing shall be made and kept.

"Unless otherwise ordered by the court the burden of proof of the facts alleged in the petition shall be upon the petitioner to establish such facts by a fair preponderance of the evidence.

"In the discretion of the court it may receive evidence in the form of affidavit, deposition, or oral testimony. The court may inquire into and decide any grounds for relief, even though not raised by the petitioner."

weight of evidence. This court held in State ex rel. Pittman v. Tahash, 284 Minn. 365, 369, 170 N. W. (2d) 445, 447:

"Where there is adequate evidence to sustain findings by a postconviction court on matters of fact, as in this case, and the findings are not manifestly and palpably contrary to the weight of the evidence, we are not inclined to substitute our view of the evidence for that of the postconviction court."

Accord, Brown v. State, 286 Minn. 472, 176 N. W. (2d) 605; Adler v. State, 284 Minn. 31, 169 N. W. (2d) 233; Pooley v. State, 284 Minn. 546, 169 N. W. (2d) 397; Langer v. State, 287 Minn. 320, 178 N. W. (2d) 628.

In the present case, there is sufficient evidence to sustain the court's finding that the alleged misidentification was not established. The court's minutes compiled by the trial judge contain no indication that any such failure of identification took place; instead, those minutes clearly show that both the jeweler and his son identified petitioner as the robber.

Similarly, the minutes contain nothing to indicate that prejudicial testimony of prior convictions was admitted or that a motion for mistrial was made. Nor do the minutes indicate that petitioner ever took the stand, although it is asserted that he was forced to do so in order to rebut the supposed prejudicial testimony. The trial minutes are comprised of a running summary of witnesses called and testimony given and also contain references to cross-examinations, and to objections to evidence. Since one could reasonably assume that if the events alleged by petitioner did in fact occur, some indication of such events would have appeared in the judge's minutes, it is therefore clear that the postconviction court could reasonably conclude that petitioner had failed to establish the factual matters urged in his petition. We see no reason to disturb the findings of the postconviction court, and the order is accordingly affirmed.

Affirmed.