MICHAEL J. SKAVENE v. STATE.

188 N. W. (2d) 419.

June 11, 1971—No. 41752.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *David G. Roston,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ.

PER CURIAM.

Petitioner appeals from an order denying postconviction relief from his 1963 conviction, by a jury, of murder in the first degree. We affirm.

In his petition seeking a postconviction new trial, petitioner alleged two grounds: (1) That he was denied due process, equal protection, and effective assistance of counsel when his privately retained counsel,

---

because of limited funds, was unable to obtain expert psychiatric witnesses to establish his insanity defense; and (2) that the trial court erred in not finding as a matter of law that petitioner was insane at the time the crime was committed. After a plenary evidentiary hearing, at which petitioner and his trial counsel testified and the transcript of the trial record was introduced, the postconviction court denied relief. The denial was based upon comprehensive findings and a determination that petitioner had failed to establish his claims.

Concerning petitioner's claim that he was unable to obtain expert testimony because of limited funds, the court found that not only were both requests of defense counsel for pretrial psychiatric examination of petitioner by court-appointed doctors at county expense granted, but that petitioner did in fact obtain a psychiatrist who testified at trial in support of his claim of insanity; that complete copies of all reports of the court-appointed psychiatrists were furnished petitioner and his counsel, thus making available all information pertaining to petitioner's mental condition which the state had; and, most significantly, that no request for allowance of fees for further psychiatric examinations was made prior to or during trial. The court also determined that the trial court did not err in submitting the issue of insanity to the jury.

The evidence amply supports the findings of the postconviction court, requiring our affirmance. Brown v. State, 286 Minn. 472, 176 N. W. (2d) 605; State ex rel. Pittman v. Tahash, 284 Minn. 365, 170 N. W. (2d) 445; Adler v. State, 284 Minn. 31, 169 N. W. (2d) 233. Indeed, the fact that no request for funds to obtain further psychiatric examinations was made appears without dispute. A belated claim that a more thorough examination by the psychiatrist who testified on petitioner's behalf could have been made if public funds had been made available falls far short of establishing a denial of due process. Petitioner's claim of ineffective assistance of counsel is a mere argumentative assertion without factual support in the record. Gallagher v. State, 286 Minn. 335, 176 N. W. (2d) 618.

Petitioner's and the state's briefs are addressed to the larger problem of when, and under what circumstances, due process and equal protection may require that a defendant in a criminal case be supplied with expert assistance at state expense in investigating, preparing, and presenting a proper defense. These arguments can apply only to a hypothetical question not presented by this case, and we find no sufficient justification on this record to express our views in this developing area of criminal justice. See, A. B. A. Project on Standards for Criminal Justice, Standards Relating to Providing Defense Services (Approved

Draft, 1968) § 1.5 and *Commentary*. See, also, United States v. Schultz (8 Cir.) 431 F. (2d) 907.

Affirmed.