**Gary Leonard WEDAN,
petitioner, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. C6-87-558.**

Court of Appeals of Minnesota.

July 21, 1987.

Review Denied Sept. 23, 1987.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Marvin Ketola, Carlton County Atty., Carlton, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and FORSBERG, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Gary Wedan was convicted of second-degree criminal sexual conduct in violation of Minn.Stat. § 609.343 (1984). On appeal from a post-conviction relief hearing he contends the evidence was insufficient to sustain the conviction and that he was denied a fair trial because the trial court limited the cross-examination of one witness, the State did not disclose an expert's notes until the day of trial, and the State's expert expressed an opinion regarding the complainant's truthfulness. We affirm.

## FACTS

Wedan's conviction was based on evidence that he engaged in sexual contact with eight-year-old J.L.F. sometime between January and April 1985.

In January 1985 Wedan moved into a basement bedroom in the home of J.L.F.'s family. J.L.F. and her brothers occasionally visited Wedan in his room. J.L.F. testified that on the day of the incident in question she entered Wedan's room to visit and lay on his bed. She stated that Wedan then shut the bedroom door, walked over to the bed and touched her in a "bad spot." She used an anatomically correct doll to show that Wedan touched her vagina, and she said the touch hurt her. After Wedan touched her, she yelled "No," hit him in the arm and slammed the door as she left the bedroom. She was unable to pinpoint the exact date of the incident.

Although J.L.F. failed to tell her parents, family members or teachers what happened, the day after the incident she told her schoolmates that Wedan touched her in a "bad spot." At trial a schoolmate confirmed that J.L.F. had told her the story, but she also could not pinpoint the date or where J.L.F. was touched. In April 1985 J.L.F.'s parents learned of the incident and contacted the police. J.L.F. then repeated consistent versions of the incident during two separate interviews with sheriff's deputies. The deputies testified that J.L.F. was nervous and visibly upset during the interviews.

J.L.F. was examined on four separate occasions by a psychotherapist. She reported the same version of the incident to the therapist. The therapist testified that J.L.F.'s behavior was consistent with that of a molestation victim and concluded that during the interviews J.L.F. did nothing to indicate she was lying.

Wedan denied having any sexual contact with J.L.F. He claimed she was a mixed-up little girl trying to act like an adult. He told deputies he believed J.L.F. had been "coming on to him." He claimed J.L.F.'s actions devastated him and that he was never sexually attracted to her.

The jury found Wedan guilty of second-degree sexual assault, and his petition for post-conviction relief was denied. On appeal he claims the evidence was insufficient to support his conviction and that he was

denied his constitutional right to a fair trial.

## ISSUES

1. Was the evidence sufficient to sustain appellant's conviction?

2. Was appellant denied a fair trial as a result of certain evidentiary and other trial court rulings?

## DISCUSSION

■ The scope of review in post-conviction proceedings is limited to the question of whether sufficient evidence exists to sustain the post-conviction court's findings. *Barness v. State*, 290 Minn. 509, 510, 187 N.W.2d 111, 112 (1971). When the evidence supports the lower court's findings, this court will affirm. *Skavene v. State*, 290 Minn. 527, 528, 188 N.W.2d 419, 420 (1971).

### I

■ When reviewing a claim of insufficiency of the evidence, an appellate court must determine whether, given the facts in the record and the legitimate inferences drawn from them, a jury could reasonably conclude the defendant was guilty of the offense charged. *State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981). Moreover, this court must view the evidence in the light most favorable to the State and assume that the jury believed State witnesses and disbelieved contrary evidence. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). The verdict will not be reversed if the jury, giving due regard to the presumption of innocence and the State's burden of proving guilt beyond a reasonable doubt, could reasonably have found the defendant guilty. *Id.* In addition, corroborating evidence of a complainant's testimony in sex crime offenses is not required. Minn.Stat. § 609.347, subd. 1 (1984).

Although virtually all of the direct evidence stemmed from J.L.F.'s testimony, the fact that she repeated her recitation of events surrounding the incident in a consistent manner is a significant factor in reviewing the sufficiency of the evidence.

*State v. Folley*, 378 N.W.2d 21, 25–26 (Minn.Ct.App.1985). In addition, an expert concluded that her behavior was consistent with that of an abused child. Wedan's testimony offered the only contradictory evidence. The jury is in the best position to evaluate witness credibility and "judge whether her allegations against appellant should be believed or whether they were merely the product of a confused child." *State v. Harmening*, 376 N.W.2d 254, 257 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Dec. 13, 1985). The jury's right to assess witness credibility generally is given deference even when there is weak corroborating evidence. *State v. Hamilton*, 289 N.W.2d 470, 477 (Minn.1979); *Marshall v. State*, 395 N.W.2d 362, 365 (Minn.Ct.App. 1986), *pet. for rev. denied,* (Minn. Dec. 17, 1986). A review of the record as a whole indicates that the jury reasonably could have concluded Wedan was guilty.

### II

Wedan asserts that several evidentiary and other trial court rulings deprived him of a fair trial. Rulings on evidentiary matters rest within the sound discretion of the trial court. *State v. Anderson*, 370 N.W.2d 653, 664 (Minn.Ct.App.1985).

■ On cross-examination of the deputy who investigated the case, Wedan's counsel attempted to pose questions regarding other instances of sexual assault to which J.L.F. allegedly was exposed. Wedan claims the purpose was to show alternative sources of sexual knowledge and motive for fabrication. The trial court denied this cross-examination because the questioning was designed to elicit hearsay evidence, evidence of past sexual conduct proscribed by Minn.R.Evid. 404(c), and because the probable prejudice outweighed any probative value, citing Minn.R.Evid. 403.

Minnesota has ruled that evidence that a complainant has been the victim of a past sex offense is excludable under Rule 404. *State v. Packer*, 295 N.W.2d 266, 267 (Minn.1980). However, the supreme court has ruled that the trial court has discretion to admit evidence establishing knowledge or familiarity with sexual matters when the

jury may otherwise infer that the defendant was the source of such knowledge. *See State v. Benedict*, 397 N.W.2d 337, 341 (Minn.1986); *State v. Caswell*, 320 N.W.2d 417, 419 (Minn.1982). The supreme court has yet to decide whether Rule 404 was intended to govern the admission of this kind of evidence. *Benedict*, 397 N.W.2d at 341.

The trial court has discretion to balance the probative value of the evidence against its potential for causing undue prejudice. *Id.; Caswell*, 320 N.W.2d at 419. Despite some minimal probative value of the evidence, the trial court cannot be said to have abused its discretion in concluding the evidence to have been prejudicial or misleading within the meaning of Rule 403.

Wedan also contends that the prosecutor's failure to disclose the therapist's clinical notes until the day of trial violated Minn.R.Crim.P. 9.01, subd. 1(4). Imposition of sanctions for discovery violations is particularly suited to the trial court's discretion. *State v. Daniels*, 332 N.W.2d 172, 179 (Minn.1983). The trial court found no prejudice, because the prosecutor disclosed the report as soon as it was received and because Wedan's counsel was aware of the report's contents in detail about four weeks before trial. Wedan's motion to suppress the expert's testimony was denied, but the court allowed her to be interviewed and proferred a continuance to defense counsel if he believed it necessary. Following the interview, Wedan's counsel stated that a continuance was unnecessary.

 Prejudice resulting from a disclosure delay is insufficient to justify sanctions when the delay was inadvertent and a continuance was not requested. *State v. Morgan*, 296 N.W.2d 397, 403 (Minn.1980); *State v. Pietraszewski*, 283 N.W.2d 887, 891 (Minn.1979). The trial court did not abuse its discretion in finding that no prejudice resulted from delayed disclosure of the clinical notes.

Wedan claims prejudice also resulted when the State's expert testified that there was nothing to indicate that J.L.F. was not telling the truth. Expert opinion on the credibility of a child's allegations is prohibited. *State v. Miller*, 377 N.W.2d 506, 508 (Minn.Ct.App.1985). However, the supreme court has distinguished expert opinion on children's credibility from expert testimony that the complainant did not act or say anything to indicate he or she was lying. *State v. Love*, 350 N.W.2d 359, 362 (Minn.1984).

 Wedan's counsel failed to object both when the expert testified and when the prosecutor commented on her testimony in closing argument. Generally, the failure to object results in the forfeiture of the right to consider the issue on appeal and also suggests the defendant did not consider the alleged improprieties to be prejudicial. *State v. Ture*, 353 N.W.2d 502, 516 (Minn.1984). Although the comment was objectionable, we find the alleged prejudice insufficient, in the absence of an objection, to justify reversal.

## DECISION

The evidence was sufficient to convict appellant of second-degree criminal sexual conduct. In addition, the trial court's evidentiary rulings did not deny appellant his right to a fair trial.

Affirmed.