**STATE of Minnesota, Respondent,**

v.

**Brian Lee WILBUR, Appellant.**

**No. C2-88-2589.**

Court of Appeals of Minnesota.

Sept. 19, 1989.

Review Denied Oct. 19, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Linda K. Jenny, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Susan L.-P. Hauge, Asst. Public Defender, Minneapolis, for appellant.

Heard, considered, and decided by FOLEY, P.J., and RANDALL and SCHUMACHER, JJ.

## OPINION

RANDALL, Judge.

Appellant Brian Lee Wilbur was convicted of second degree criminal sexual conduct arising from the assault of five-year-old A.L.P. Wilbur appeals from the conviction and sentence on three grounds: (1) prosecutorial misconduct, (2) sufficiency of the evidence, and (3) improper sentencing. We affirm.

## FACTS

On May 2, 1988, five-year-old A.L.P. was in the care of a babysitter who lived across the hall from A.L.P.'s family's apartment in New Hope. The babysitter was also caring for A.L.P.'s sister and another child. A.L.P. did not come in for lunch at noon and the other children could not find her. A short time later, A.L.P. returned, crying, and told the babysitter that she had been at "Brian's" and he would not let her leave.

Two days later A.L.P. told her father's girlfriend that "Brian" had pulled down her shorts and underwear. A.L.P.'s grandmother was then notified and she called the police. During an interview the same afternoon with Detective Ronald Bird and Officer Debra Downing, A.L.P. repeated that "Brian" had pulled down her shorts and underwear, and added that he "touched her with himself." Using two dolls, A.L.P. indicated that there had been contact in the genital area. During the next few days, A.L.P. gave consistent information to several witnesses concerning the identity of "Brian" and the facts surrounding the assault.

On May 11, 1988, A.L.P. was examined by Dr. Carolyn Levitt, a pediatrician and child abuse specialist at Children's Hospital in St. Paul. A.L.P. told Dr. Levitt that "Brian" hurt her in her genital area with "his weiner."

Using the identification information provided by A.L.P. and A.L.P.'s identification of "Brian's" picture in a photo line-up, Detective Bird went to appellant Brian Wilbur's apartment on May 18, 1988. Bird observed clothing and other items that A.L.P. had described and placed Wilbur under arrest. At the police station Bird gave appellant the *Miranda* warnings and informed him that A.L.P. said that appellant had touched her "with himself." Bird testified when appellant was allowed to make a phone call, he told the person he called that "the police had told him that he touched [A.L.P.'s] vagina with his penis, or words to that effect."

At trial, A.L.P. recognized appellant as "Brian" and stated that he had pulled down her shorts and underwear. She would not answer further questions, responding "I forgot," "I don't know." She said that she had told the "lady doctor" the truth and she (Dr. Levitt) could tell what happened. The videotape of Dr. Levitt's interview and examination with A.L.P. was played for the jury. Dr. Levitt testified that, in her opinion, A.L.P. had been sexually abused.

## ISSUES

1. Was the prosecutor's final argument so improper as to require reversal?

2. Is the evidence sufficient to sustain appellant's conviction?

3. Did the trial court err by sentencing appellant?

## DECISION

### I.

*Prosecutorial Misconduct*

Whether a final argument is improper is normally a matter within the discretion of the trial court. *State v. Ture*, 353 N.W.2d 502, 516 (Minn.1984). The trial court's determination will not be reversed unless, in light of the whole record, the prosecutorial misconduct is so serious and prejudicial that the defendant's right to a fair trial has been denied. *State v. Wilford*, 408 N.W.2d 577, 580 (Minn.1987).

It is improper to "personally [endorse] the credibility of the state's witnesses or [to inject] personal opinion * * *." *State v. Parker*, 353 N.W.2d 122, 128 (Minn.

1984). However, the allegedly improper statements must "reach the threshold of impropriety" to warrant reversal of a conviction. *Id.*

Appellant claims the prosecutor improperly offered his personal opinion of the credibility of the complaining witness, A.L.P. The statements complained of consist primarily of comments such as "this five-year-old girl wouldn't lie, couldn't lie, didn't lie," "this is not a girl who is embellishing," "this is a girl who is innocent and naive and * * * [i]t would never occur to her not to tell it like it happened," and "she's so innocent. So truthful * * *."

■ We find the statements impermissible personal suggestions of credibility, but the trial court property instructed the jury to disregard statements made by the attorneys about the evidence, and to rely on their own recollection.

Although objectionable, we find, after reviewing the entire closing argument and the trial court's jury instructions as a whole, that the isolated statements likely did not play a "substantial part" in appellant's conviction and are harmless error. *See State v. Caron,* 300 Minn. 123, 128, 218 N.W.2d 197, 200 (Minn.1974).

## II.

### Sufficiency of the Evidence

In examining a claim of sufficiency of the evidence, the evidence must be viewed in the light most favorable to the verdict and the reviewing court must assume the jury disbelieved any contradictory testimony. *State v. Parker,* 353 N.W.2d 122, 127 (Minn.1984). Weighing the credibility of a witness's testimony is a function of the jury. *State v. Daniels,* 380 N.W.2d 777, 781 (Minn.1986).

The testimony of the victim in a sexual assault case generally need not be corroborated. Minn.Stat. § 609.347, subd. 1 (1988). In a given case, however, the absence of corroborating evidence may require a holding that the evidence is legally insufficient to sustain the conviction. *State v. Hesse,* 281 N.W.2d 491, 492 (Minn.1979). We find that this is not such a case.

■ Here, the victim gave consistent accounts of the identity of her abuser and the facts of the assault to several witnesses. She also testified at trial. Such consistency is a "significant factor in reviewing the sufficiency of the evidence." *Wedan v. State,* 409 N.W.2d 266, 268 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. Sept. 23, 1987) (citation omitted).

Although appellant presented testimony of three alibi witnesses, their testimony was arguably inconsistent and in one case conflicted with a prior statement. Viewing the evidence in the light most favorable to the verdict and assuming the jury disbelieved any contradictory testimony, the evidence is sufficient to sustain the conviction.

## III.

### Sentencing

On February 9, 1988, appellant pleaded guilty to a charge of fourth degree criminal sexual conduct in Ramsey County. After two continuances, appellant was finally sentenced on the Ramsey County guilty plea on August 16, 1988, which was four days after his conviction in Hennepin County for the instant offense. At the August 16, 1988, sentencing hearing regarding the Ramsey County guilty plea, the judge stated, "I * * * adjudicate you guilty upon your plea * * *."

On September 23, 1988, appellant was sentenced for the instant offense in Hennepin County pursuant to the mandatory minimum sentence statute to a term of 36 months, to be served consecutively with the Ramsey County sentence. That statute provides for a mandatory minimum sentence of three years, "[i]f a person is *convicted* of a *second or subsequent offense* under sections 609.342 to 609.345 [1st to 4th degree criminal sexual conduct] within 15 years of the prior conviction * * *." Minn.Stat. § 609.346, subd. 2 (1988) (emphasis added). "Conviction" is defined as a plea of guilty or a verdict of guilty by the court or a jury. Minn.Stat. § 609.02, subd. 5 (1988).

Appellant argues that in applying § 609.02, subd. 11, his instant offense was not a "second or subsequent offense." Under that statute, an offense is not a "second or subsequent offense" unless prior to its commission, "the actor has been adjudicated guilty of a specified similar * * * offense." Minn.Stat. § 609.02, subd. 11.

"Whether a defendant was 'formally adjudicated' guilty of an offense is usually determined by looking at the official judgment of conviction which appears as a separate sheet in the file." *State v. Plan*, 316 N.W.2d 727, 729 (Minn.1982). Our examination of the file on appeal reveals that appellant was not "adjudicated guilty" on the Ramsey County guilty plea until August 16, 1988. Thus, if this court uses the definition of "second or subsequent" offense contained in § 609.02, subd. 11, the trial court would have wrongly applied the mandatory minimum sentencing statute because appellant had not been "adjudicated guilty" of the similar Ramsey County offense as of August 12th.

However, Minn.Stat. § 609.346, subd. 3, sets out its own definition of "second or subsequent" offense. For purposes of § 609.346, the mandatory minimum sentencing statute, "an offense is considered a second or subsequent offense if conviction of the actor for the offense follows or coincides with a conviction of the actor under sections 609.342 to 609.345 * * *." Minn.Stat. § 609.346, subd. 3.

█ Here, the conviction of the instant offense on August 12, 1988, followed the conviction on the Ramsey County guilty plea which took place on February 9, 1988; the date the guilty plea was taken. *See* Minn.Stat. § 609.02, subd. 5. We understand appellant's argument that he was not formally adjudicated guilty until August 16, 1988. However, in reconciling the different provisions that apply, we find his guilty plea on February 9, 1988, was enough to make his August 12, 1988, conviction become a "second or subsequent" offense under § 609.346, subd. 3.

█ "When a general provision in a law is in conflict with a special provision in the same or another law * * * [and] the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision." Minn.Stat. § 645.26, subd. 1 (1988). We find the special provision of § 609.346, subd. 3, defining "second or subsequent" offense is the definition to be employed for purposes of determining whether § 609.346 applies to a defendant.

Appellant was convicted of a second or subsequent offense as defined in § 609.346 making the sentence imposed proper.

## DECISION

Affirmed.